Nov. Term,
1855.

STAYTON
v.
HULINGS.

*Saturday,*
*December* 1.

STAYTON *v.* HULINGS.

The provisions contained in sections 37 and *38, pp. 186–7,* R. S. 1843, and in sections 56 and 57 of the general highway act of 1849, in relation to appeals from decisions of the board of commissioners, are to be construed together; and those of the statute of 1843 governed in relation to appeals from the decision of the board with reference to the laying out of highways, except as to the time within which the appeal was to be taken.

In case of an appeal, by a person who was not a party to the proceedings, from the decision of the board establishing a highway, while the provisions cited were in force, neither the appeal itself, nor the circumstance that the road

was laid out through the appellant's land, and that the board had allowed Nov. Term,
the appeal and approved his bond, could cure the omission of the affidavit 1855.
required by the statute to authorize the appeal.

The board of commissioners, under the provisions cited, could not allow an STAYTON
appeal or approve the appeal bond, those duties being incumbent upon the v.<br>HULINGS.
auditor.

On a motion to dismiss the appeal in question, for the want of the requisite
affidavit, the appellant interposed a cross motion for leave to file the affidavit.
*Held,* that the motion was correctly refused.

Statutes should be so construed as to give a reasonable effect to every part, if
susceptible of such construction.

When a statute is merely directory, a thing omitted to be done at the proper
time, may be allowed afterward; but when a statute expressly prohibits a
thing until another has been done, the prohibition can not be disregarded.

APPEAL from the *Fulton* Circuit Court.            Saturday,<br>December 1.

GOOKINS, J.—From an order of the board of commissioners of *Fulton* county for opening a county road, *Stayton* appealed to the Circuit Court. The Circuit Court dismissed the appeal, because *Stayton* was not a party to the proceedings, and had not filed an affidavit showing his interest in the subject and that he was aggrieved by the decision.

When the proceedings were had, the revised statutes of 1843 were in force, which provide for an appeal to the Circuit Court from all decisions of the board of commissioners, to be taken within thirty days by any party aggrieved by the decision; but if the person appealing is not a party to the proceeding, the appeal shall not be allowed, unless the appellant shall file in the auditor's office an affidavit, stating that he is aggrieved by the decision, and setting forth explicitly the nature of his interest in the subject. R. S. 1843, pp. 186–7, ss. 37, 38. These provisions are contained in the chapter relative to the board of commissioners and their duties.

The chapter concerning highways, contained in the same revision, (p. 333, ss. 56, 57) gives an appeal to any person who shall consider himself aggrieved by any decision of the board in the performance of any duty under it, to be taken within *sixty* days. This provision is re-enacted in the act of 1849, p. 108, in the same language, which was in force when these proceedings were commenced.

The material inquiry is, are these two provisions to be

construed together, or independently of each other?   If
the former, the appeal was not well taken, for want of an
affidavit.   If the latter, no affidavit was required.

We think they are to be construed together.   They
were enacted at the same time; the first is general, pro-
viding for an appeal from all decisions of the board, but
as proceedings before them are mostly *ex parte*, the person
appealing is required to show his interest and grievance,
and to execute an appeal bond to insure the payment of
costs.   The provision concerning highways, specifies one
of the subjects of the jurisdiction of the board, and pro-
vides for an appeal from decisions relating to them; but
for reasons satisfactory to the legislature, gives sixty days
for perfecting the appeal.   It requires neither affidavit nor
bond, so that any person, however uninterested in the sub-
ject or irresponsible for costs, may prosecute the appeal, if
the provisions are to be construed independently of each
other.   Statutes should be so construed as to give a rea-
sonable effect to every part, if capable of such construction.

The appellant insists that the affidavit might be dis-
pensed with, because the appeal showed that the party
was aggrieved; that the laying out of a road through his
land showed his interest, and that the board admitted him
as a party, by allowing his appeal and approving his bond.
As to the first point, the argument is in a circle; the ap-
peal shows him aggrieved, and therefore the appeal is well
taken.   As to the second, admitting that the laying out of
a road through his land shows his interest in the subject,
that is not enough to authorize the appeal.   It may have
been a great benefit to him, and he must show himself
aggrieved.   Nor can the third position prevail.   The board
has nothing to do with allowing the appeal or approving
the bond.   Those duties devolve upon the auditor.   R. S.
1843, p. 187, sec. 38.

On the motion to dismiss the appeal being made, the
appellant interposed a cross motion for leave to file the
required affidavit, which was refused, of which the appel-
lant complains.   The statute is not merely permissive, but
it declares that the appeal shall not be allowed unless the

affidavit is filed with the auditor.   When a statute is merely directory, a thing omitted to be done at the proper time may be allowed afterwards.   *Rex* v. *Loxdale*, 1 Burr. 445.—*Thames Manufacturing Co.* v. *Lathrop*, 7 Conn. 550. But where a statute expressly prohibits a thing, until another has been done, the prohibition can not be disregarded without judicial legislation.

STUART, J., having been concerned as counsel, was absent.

*Per Curiam.*—The judgment is affirmed with costs.

*D. D. Pratt*, for the appellant.

*H. P. Biddle* and *B. W. Peters*, for the appellee.