## LOWREY, ADM'R'X, *v.* THE CITY OF DELPHI.

CITIES AND TOWNS.—*Death Caused by Negligence.*—*Pleading.*—*Street.*—*Bridge.* —*Failure to Repair.*—*Statutes Construed.*—*Presumption.*—*Evidence.*— *Wabash and Erie Canal.*—*Decedents' Estates.*—In an action against a city, by the administrator of a decedent, to recover damages for his death, resulting from an injury alleged to have been caused by the negligence of the defendant, the complaint alleged, that, at a point in such city, where a public street thereof crossed the Wabash and Erie Canal, she had negligently permitted a bridge across such canal to become and remain so out of repair, for a period of two months prior to and until decedent's death, that it could not be travelled upon, of which defendant's agents had notice; that she had also permitted such street to be so used, upon both sides of such canal, upon one side of such bridge, as to present the appearance of a fording place used by the travelling public; but that, in fact, owing to excavations in the bed of the canal, concealed beneath the water thereof, such place was not and could not be used as a ford; that such decedent, not knowing of the danger, and deceived by such appearances, in travelling upon such street, and intending to cross such canal, drove his horse, attached to the buggy in which he was seated, down such apparent fording place, into such canal, where, "without fault upon his part," by means of such excavations, he received the injury which

caused his death; that plaintiff was duly appointed administratrix of the estate of the decedent, who left a widow and heirs.

*Held*, upon demurrer, that the complaint is sufficient.

*Held*, also, that, in the absence of any allegation to the contrary, such city is presumed to have been incorporated under the general law of this State for the incorporation of cities.

*Held*, also, that the complaint shows that the decedent was injured at a point upon a public street of such city, and within her limits.

*Held*, also, that, under the 61st section of the act of March 14th, 1867, providing for the incorporation of cities, etc., (1 R. S. 1876, p. 300,) such city was bound, exclusively, to keep in repair such bridge across such canal.

*Held*, also, that the act of January 27th, 1847, in relation to the Wabash and Erie canal, (acts 1847, p. 33,) does not authorize nor bind the trustees thereof to keep in repair any bridge across such canal, upon any public street within the limits of a city.

*Held*, also, that, under the allegations of such complaint, including the one that the decedent received such injuries "without fault on his part," the plaintiff could introduce evidence that such decedent had been gulity of no contributory negligence.

From the Carroll Circuit Court.

*J. H. Gould*, for appellant.

*L. E. McReynolds*, for appellee.

HOWK, J.—In this action appellant was plaintiff, and appellee was defendant, in the court below. The complaint was in two paragraphs. Appellee demurred separately to each paragraph of the complaint, for the want of sufficient facts therein to constitute a cause of action. These demurrers were severally sustained by the court below, and to these decisions appellant excepted, and, declining to amend, judgment was rendered thereon for appellee, against appellant.

In this court, the errors assigned are these decisions of the court below upon the demurrers, and they present for our consideration the sufficiency of the facts stated in each paragraph of the complaint to constitute a cause of action.

In the first paragraph of her complaint, the appellant alleged, in substance, that appellee was, and for ten years last past had been, a municipal corporation, duly organ-

ized under the laws of Indiana; that, on October 10th, 1873, and for two months next before that date, appellee negligently and carelessly permitted and suffered a certain street in said city, known as Washington street, at a point where said street crossed the Wabash and Erie Canal, and where the same was open and used for public travel, to be and remain in an unsafe and dangerous condition; that, at said point, appellee had permitted the bridge over and across said canal to become old and rotten, so that the same had fallen down, and for said two months appellee had carelessly and negligently failed to erect another bridge for the safety and convenience of persons travelling on said street; that, about four feet west of the place formerly occupied by said bridge, on each bank of said canal, and within the limits of said street, there were travelled paths of the width of the travelled path of the residue of said street, which travelled paths extended into the water in said canal, giving every appearance of a ford across said canal, as though wagons and other vehicles daily passed through said canal, whereas, said paths and tracks were worn and used by persons living in the immediate neighborhood of said canal, and who knew the depth of the water in the canal at that point, and who merely drove their wagons and other vehicles into said canal, without crossing the same; that, in the water of said canal, at said point, were large holes and excavations, which were concealed by the water in said canal and unknown to strangers, and particularly to the deceased, where the water was ten feet in depth and more, rendering it unsafe and dangerous for persons to ford or pass through; that for said two months appellee negligently and carelessly left said apparent ford exposed and open, without any railings or barriers, and without giving or posting up notices that said apparent ford was unsafe and dangerous, whereby travellers, and particularly strangers, seeing said apparent ford exposed and unguarded, were induced to believe that said canal

was fordable at said point, and that said tracks were caused by the public in fording said canal; and appellant averred, that appellee, on said 10th day of October, 1873, and for said two months prior to said day, had full knowledge of said defects in said street, and of its dangerous condition as appellant alleged. And appellant averred, that, on said 10th day of October, 1873, the decedent, William A. Lowrey, who then and there had no notice or knowledge of said defects and dangers, was riding in a buggy upon and along said Washington street, and at said place where said street crossed said canal, and, in attempting to ford said canal, without fault on his part, and by reason of said defects in said street and the dangerous and unsafe condition thereof, the said Lowrey was greatly injured, hurt, cut, bruised, wounded and strangled, so that he then and there died. And appellant averred, that she had been duly appointed and qualified as administratrix of the estate of said William A. Lowrey, by the clerk of the circuit court of DeKalb county, Indiana; that, at the time of the happening of the injury complained of, and at the time of the death of said William A. Lowrey, appellant was his lawful wife, and that the decedent also left surviving him, as the issue of his marriage with appellant, four children, who were all infants of tender years, and were all living at the time of the commencement of this action.

The second paragraph of the complaint contains, in substance, the same averments as the first paragraph, and this additional averment: That the appellee, " for the said period of two months, negligently and carelessly failed to repair said bridge, or to give notice to the board of trustees of the Wabash and Erie Canal that said bridge across said canal had fallen down and become impassable, and failed and neglected to request or require the said board of trustees to repair said bridge, or to erect another bridge."

And the appellant demanded judgment against the appellee for ten thousand dollars, and for other relief.

This action was brought under the provisions of the 784th section of our practice act. That part of said section which relates to the subject-matter of this action reads as follows:

" When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission." 2 R. S. 1876, p. 309.

Where, as in this case, it is alleged that the death was caused by the wrongful omission of another, it must appear, clearly, from the averments of the complaint or paragraph, that the thing omitted caused the death, that it was wrongful, and that it was something which the other had the right and power, and was required by law, to do.

In this action, the appellant has averred, in each paragraph of her complaint, that the appellee was, and for ten years last past had been, a municipal corporation, duly organized under the laws of Indiana. It is not alleged, however, in either paragraph of the complaint that the appellee, as such corporation, had the right and power, and that it was appellee's duty, under the law, to erect bridges and keep the same in good repair, over the Wabash and Erie Canal, at the several points where the appellee's streets might cross said canal. The law under which the appellee was incorporated is not stated in either paragraph of appellant's complaint. It has been held, however, by this court, that, where a city is a party to a suit, it will be presumed, nothing appearing to the contrary, that such city is incorporated under the general law for the incorporation of cities. *The City of Logansport* v. *Wright*, 25 Ind. 512.

Acting upon this presumption, in this case, we must

look to the general law of this State, providing for the incorporation of cities, etc., approved March 14th, 1867, (1 R. S. 1876, p. 267,) as the law under which the appellee was and is incorporated. By the 61st section of this general law, it was and is provided as follows:

" The common council shall have exclusive power over the streets, highways, alleys and bridges within such city, and may prescribe the height, and manner, and construction of all such bridges," etc. 1 R. S. 1876, p. 300.

Under this law, it is evident that the appellee's power, over the bridge mentioned in each paragraph of appellant's complaint, was and is an exclusive power. Where such a power as this exists, a corresponding duty necessarily results therefrom, to keep such bridge in such good repair as the safety and convenience of the public may require. It is insisted, however, that the appellee was not bound to rebuild or repair the bridge in question, because it was a bridge over a canal which was the private property of another corporation, to wit, the trustees of the Wabash and Erie Canal, and that it was the duty of the latter corporation to keep said bridge in good repair. There would be some force in these reasons if there were any exceptions in the law we have cited, or if the laws in relation to the Wabash and Erie Canal had made it the duty of the trustees thereof to build, rebuild, or keep in repair, bridges over said canal, at the several places where the same might be crossed by the streets of an incorporated city. But there is no exception to the exclusive power conferred on cities by the general law for the incorporation thereof, before cited, in relation to or in favor of bridges over canals. Nor do the laws in relation to the Wabash and Erie Canal, or to the trustees thereof, make it the duty of said trustees to build, repair or rebuild bridges over said canal, at the places where the same may be crossed by any of the streets of any incorporated city. In the legislation of this State in relation to the Wabash and Erie Canal, by the last section of the

act approved January 27th, 1847, it was provided, "That
the said trustees shall erect, construct, and keep in good
repair, suitable bridges over all State and county roads
crossing, or that may hereafter cross said Wabash and
Erie Canal." Acts of 1847, p. 33.

But we do not find any provision, in that or any other
act of this State, making it the duty of said trustees to
" erect, construct, and keep in good repair, suitable
bridges" over said canal, at street-crossings in cities or
towns, along the line of said canal,—and, therefore, we
conclude that such a duty is not now, and never was,
imposed upon the corporation owning or controlling said
canal.

It is insisted also, by appellee's counsel, as to each
paragraph of the complaint, that the demurrer thereto
was properly sustained, because, it is said, it was not
alleged in either paragraph that the Wabash and Erie
Canal, at the place where the appellant's intestate was
drowned, was within the corporate limits of the city
of Delphi, or within the limits of a street of said city.
We think, that these matters appear with sufficient cer-
tainty in each paragraph of the complaint, although
not alleged in so many words. It is averred in each
paragraph, that there was a street in said city, called
Washington street, which crossed said canal, and that
at the place of crossing there was a bridge, which was
out of repair and unsafe, and that by the side of this
bridge, within the limits of the street, the appearances
on each bank of the canal indicated that the canal was
there forded by carriages and other vehicles, and that at
that place the appellant's intestate was drowned. These
averments show with reasonable certainty, sufficient on
demurrer, that the *locus in quo* was within the limits of a
street in said city, and, of course, within the corporate
limits of said city.

Again, the appellee insists, that, although the appellant
has averred in each paragraph of her complaint, that her

intestate lost his life, "without fault on his part," through the carelessness and negligence of the appellee,—yet, that the other averments of each paragraph show affirmatively that the decedent was guilty of such contributory negligence, as would prevent a recovery in this action. We do not think so. In our opinion, if the appellant should prove all the other allegations of either paragraph of her complaint, on the trial, and should then establish by a preponderance of evidence that her intestate so lost his life, "without fault on his part," she would be entitled to a verdict in her favor, if no other matters were shown affirmatively, by way of defence.

The facts stated in each paragraph of appellant's complaint were sufficient to constitute a cause of action, and, in our opinion, the court below erred in sustaining the appellee's demurrer thereto.

The judgment is reversed, at the appellee's costs, and the cause remanded, with instructions to the court below to overrule the appellee's demurrer to each paragraph of the complaint, and for further proceedings, etc.