#### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1877, IN THE SIXTY-SECOND YEAR OF THE STATE.

---

### ZORGER v. THE CITY OF GREENSBURGH.

CITY.—*Violation of Ordinance.—Action Before Mayor.—Pleading.—Practice.— Evidence.*—In an action before the mayor, by a city incorporated under the general law of this State, to recover a penalty for the violation of a penal ordinance, all defences, except the statute of limitations, set-off and matter in abatement, may be given in evidence without plea.

SAME.—*Harmless Error.*—Where, in such action, matter pleaded specially may be given in evidence without plea, error in sustaining a demurrer to such plea is harmless.

SAME.—*Construction of Ordinance.—Rule.*—The same rules apply in the construction of an ordinance of a city as in the construction of a statute.

SAME.—An ordinance should be so construed as to give effect, if possible, to every part thereof.

SAME.—*Associating with Prostitute.*—A city adopted an ordinance, providing a penalty for associating with a prostitute "in any public place, street, alley, common, *or* within said city," etc.

*Held*, that it should be construed to read, "in any public place, street, alley *or* common within said city," etc.

SAME.—Under such ordinance, a prosecution can not be maintained for associating with a prostitute in a private place in such city.

From the Decatur Circuit Court.

*W. A. Moore,* *C. Ewing* and *J. K. Ewing,* for appellant.

*C. Shane,* for appellee.

Howk, J.—In this action the appellee, as plaintiff, sued the appellant, as defendant, before the mayor of said city of Greensburgh, to recover a penalty for an alleged violation of a city ordinance.

The appellee's complaint was duly verified; and it charged, that, on the 19th day of October, 1876, at said city, Decatur county, Indiana, the appellant violated section 2 of an ordinance of said city, passed by the common council thereof on the 21st day of May, 1868, setting out said section, as follows:

" Sec. 2.  Every male person, over the age of twelve years, who shall be found associating or keeping company with any prostitute, in any public place, street, alley, common, or within said city, or within one mile thereof, shall be fined in any sum not less than one nor more than fifty dollars."

Before the mayor, the trial of the cause resulted in a verdict and judgment in favor of the appellee, from which there was an appeal to the court below.

In this latter court, the appellee filed an answer, in three paragraphs, in substance, as follows:

1.  A general denial;

2.  He denied any association with prostitutes, in any public place, street, alley, or common, within said city, as charged; and,

3.  That " Trisler's building, on the north side of the public square, in the city of Greensburgh," is the private bed-room of Francis M. Trisler, a jeweler of said city, and not used for any public purpose or use; that the public were not admitted to it, and that persons going there went at the special invitation of the occupant. Wherefore, etc.

The appellee demurred to the second and third para-

graphs of appellant's answer, upon the ground that they, nor either of them, did not contain facts sufficient to constitute a defence to appellee's action, which demurrer was sustained by the court, and to this decision the appellant excepted.

The cause was tried by the court, without a jury, and a finding made for the appellee, assessing the appellant's penalty in the sum of twenty dollars.

The appellant's motion for a new trial was overruled by the court, and to this decision he excepted, and judgment was rendered on the finding.

The errors assigned by the appellant, in this court, were as follows:

1. In sustaining appellee's demurrer to the second paragraph of his answer;

2. In sustaining appellee's demurrer to the third paragraph of his answer; and,

3. In overruling his motion for a new trial.

The first two of these alleged errors may well be considered together.

This cause, as we have seen, was commenced before the mayor of the city of Greensburgh. We assume, as the contrary does not appear, that the city of Greensburgh was and is incorporated as a city under the general law of this State, providing for the incorporation of cities. *Lowrey* v. *The City of Delphi*, 55 Ind. 250. In the 17th section of this general law, approved March 14th, 1867, it is provided, *inter alia*, that "The same rules of pleadings and practice shall be observed in the city judge or mayor's court, that are in [a] justice's court." 1 R. S. 1876, p. 272.

In section 34 of the act regulating the pleadings and practice in a justice's court, it is provided, that "All matter of defence, except the statute of limitations, set-off and matter in abatement may be given in evidence without plea." 2 R. S. 1876, p. 612.

It is clear, that the matters set up by the appellant in

the second and third paragraphs of his. answer, in the case now before us, did not come within the exception in said section 34 of the justice's act, and were therefore pleaded unnecessarily, as they might have been given in evidence "without plea." It follows, therefore, that, if the court below erred in sustaining the appellee's demurrer to the second and third paragraphs of the appellant's answer, the errors were harmless; and it is well settled, that this court will not reverse a judgment for a harmless error.

The third alleged error, assigned by the appellant, was the overruling of his motion for a new trial. In this motion the following causes were assigned for such new trial:

1.  Because the finding of the court was not supported by sufficient evidence; and,

2.  Because the finding was contrary to law.

In discussing this alleged error, the appellant's learned counsel, in their argument of this cause in this court, rely, "for a reversal of the judgment of the court below, upon two substantial propositions, presented by the record," as follows:

1.  That the ordinance upon which this action was founded, which was given in evidence by the appellee, must be construed as if it read as follows:

"Sec. 2.  Every male person, over the age of twelve years, who shall be found associating or keeping company with any prostitute, in any public place, street, alley or common within said city, or within one mile thereof, shall be fined in any sum not less than one nor more than fifty dollars;" and,

2.  That the evidence did not sustain the finding.

If the appellant's attorneys are right in their first proposition, it is very certain that they are equally right in their second proposition; for there is not a particle of evidence in the record which tended, even remotely, to show that the appellant had ever associated or kept com-

pany with any prostitute, "in any public place, street, alley or common within said city, or within one mile thereof." The evidence, on the trial of this cause, was contradictory, and very far from being conclusive and satisfactory; but the evidence of one witness tended to establish the fact that the appellant, at the time named in appellee's complaint, had associated or been in company with two certain prostitutes, within the city of Greensburgh. The evidence of this witness, however, failed to show that the transaction complained of occurred in any public place, street, alley or common within said city; but, on the contrary, the evidence showed that the matter occurred, if it occurred at all, in the private room of a third person, whom the prostitutes were visiting, away from the street or public square, with the doors closed and the window-curtains down, and without any publicity whatever.

The 2d section of the city ordinance, set out in the appellee's complaint in this case, must be construed, in our opinion, in accordance with the rules which govern the construction of other legislation. In the case of *Lovejoy* v. *Robinson*, 8 Ind. 399, it was said by this court, that, "In construing a statute, effect is to be given to every part, and we are not to suppose words had been used which were intended to import nothing." In the case of *Stayton* v. *Hulings*, 7 Ind. 144, it was said: "Statutes should be so construed as to give a reasonable effect to every part, if capable of such construction." In 1 Kent Com. 461, the law on this subject is thus stated: "It is an established rule in the exposition of statutes, that the intention of the lawgiver is to be deduced from a view of the whole, and of every part of a statute, taken and compared together. The real intention, when accurately ascertained, will always prevail over the literal sense of terms."

It seems clear to us, that these rules for the construction of statutes are properly applicable to the construc-

tion of city laws and ordinances, and of the section of the ordinance of the city of Greensburgh, on which this action was founded.

It is insisted by the appellee's attorney, that, under the terms of said section 2 of the city ordinance, set out in appellee's complaint and given in evidence on the trial of this cause, any male person of the proper age, who shall be found associating or keeping company with any prostitute, in any place, public or private, within said city of Greensburgh, or within one mile thereof, shall be fined as provided for in said section. Under such a construction of said section, these words therein, " in any public place, street, alley, common," would have no meaning imputed to them, and would be mere surplusage. It seems to us, that it was the intention of the law-making power of said city of Greensburgh, in the enactment of said section 2 of said ordinance, to provide for the punishment by fine of any male person, over twelve years of age, who should be found associating or keeping company with any prostitute, in any public place, street, alley or common within said city, or within one mile thereof. We think that the word " or," immediately following the word " common," in said section 2, has simply been misplaced, and that, instead of following, it should have immediately preceded the word " common," where it occurs in said section. By thus construing said section, force, effect and meaning are given to every word in the section, and, in our opinion, the true intention of the law is correctly ascertained.

Such being the meaning of said section 2, as we construe it, it follows necessarily from what we have already said, that, in our opinion, the finding of the court below was not sustained by any sufficient evidence; and, therefore, we hold that the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial.