## Sutton *v.* Parker et al.

Fees and Salaries.—*Act of* 1875.—*Clerk's Fees.*—*Enrolled Act.*—*Mistake.*— The 6th item of the specifications of section 5 of the fee and salary act of March 12th, 1875, reading "For all entries in order books *on* complete record," etc., as published in the Acts of 1875 Spec. Sess., p. 33, and in 1 R. S. 1876, p. 468, should read "For all entries in order books *or* complete record," etc., as shown by the enrolled act on file in the office of the Secretary of State.

Same.—*Fees for Copies, Transcripts, etc.*—Items 4 and 5 of such section relate to the same subject-matter, viz. : Copies, transcripts or exemplifications of any record or paper remaining in the clerk's office.

Same.—*Fee for Copy.*—Where any such copy contains less than five hundred words, the clerk is authorized, by item 5, to charge fifty cents; but, if the number of words exceeds five hundred, then, by item 4, he is authorized to charge a fee of ten cents for each hundred words.

Same.—*Entries on Order Book or Complete Record.*—Items 6 and 7 of such section relate to the same subject-matter, viz. : Entries in the order book or complete record.

Sutton *v.* Parker *et al.*

SAME.—*Fee for Entry on Order Book and Fee Book.—Special Finding.*—On a motion to re-tax the clerk's fees in a cause which had been tried in the circuit court, that court found specially that there had been five separate entries made by the clerk in the order book, in said cause, containing an aggregate of less than five hundred words ; and that an entry had been made upon the fee book by the clerk, in such cause, containing less than five hundred words.

*Held,* as a conclusion of law, that, under item 7 of said section 5, the clerk was entitled to tax a fee of fifty cents for each of such entries in the order book.

*Held,* also, that, for such entry in the fee book, he was entitled to tax a fee of ten cents for each hundred words contained therein.

From the Shelby Circuit Court.

*L. J. Hackney, C. Baker, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks,* for appellant.

*T. B. Adams, L. T. Michener, J. B. McFadden* and *J. W. Tomlinson,* for appellees.

HOWK, C. J.—In and during the year 1877, the appellant, Bellamy S. Sutton, was the clerk of the Shelby Circuit Court.

On the 23d day of February, 1877, the appellee Squire G. Parker, as plaintiff, commenced an action against his co-appellee, George W. Kennedy, as defendant, in said court, in vacation. At the March term, 1877, of said court, the parties to said action appeared, and, after divers proceedings were had therein, the cause was disposed of, and it was determined by the court that the parties, plaintiff and defendant, should each pay the one-half of the costs accrued in said action. The appellant, as clerk, then taxed the costs accrued in said cause ; and this is a proceeding by the parties in said action, by motion in writing, addressed to the court below, to compel the appellant, as such clerk, to re-tax said costs.

The appellant appeared and answered the appellees' written motion, by a general denial of the material allegations therein. The cause was submitted to the court for hearing and decision ; and, at the request of the appellant,

the court made a special finding, in writing, of the facts and its conclusions of the law upon them. The appellant duly excepted to the court's conclusions of law upon the facts specially found; and judgment was rendered by the court upon and in accordance with its special finding, from which judgment this appeal is now prosecuted.

In this court the appellant has assigned, as error, that the court below erred in its conclusions of law upon the facts specially found. The special finding of the court was as follows:

" At the request of said Sutton, the court finds specially, that an action was disposed of in this court, at the present term, in which Squire G. Parker was plaintiff, and George W. Kennedy was defendant; that, of the proceedings in said cause, there were five several entries upon the order book of said court, the first of which consisted of forty words, being the record entry of the motion of the defendant to strike out part of the plaintiff's complaint, for which said clerk charged a fee of fifty cents; that the second of said entries consisted of one hundred words, being the second [record?] entry of the ruling of the court upon said motion to strike out, for which said clerk charged a fee of fifty cents; that the third of said entries consisted of thirty words, being the record entry of the filings of the defendant's demurrer to the plaintiff's complaint, and his answer in said cause, for which said clerk charged a fee of fifty cents; that the fourth of said entries consisted of thirty words, being the entry of the filing of the plaintiff's reply in said cause, for which said clerk charged a fee of fifty cents; that the fifth of said entries consisted of seventy words, being the entry of recording the agreement of dismissal and judgment, for which said clerk charged a fee of fifty cents; and the sixth of which entries consisted of two hundred words, being an entry of the costs in said cause upon the fee book of said court, for which said clerk charged a fee of fifty cents; and

making in the aggregate four hundred and seventy words, and the aggregate of which charges amounted to three dollars; said several items being the only disputed or questioned items of the charges. And the court concludes, upon said facts, that said taxation, as to said several items is erroneous and contrary to law; that said clerk is entitled to only fifty cents for said five order-book entries, consisting in the aggregate of two hundred words, and that he is entitled, for said entry of two hundred words, upon the fee book, [to?] ten cents for each one hundred words or twenty cents for said two hundred words, and seventy cents for said four hundred and seventy words in said six several entries."

The question presented for our decision, upon the record of this cause and the error assigned thereon, involves and depends upon the proper construction of the 5th section of the fee and salary act approved March 12th, 1875. 1 R. S. 1876, p. 468. Therefore we set out this 5th section of said act, in this connection, as follows:

" SEC. 5. That the clerks of the circuit, superior and criminal courts of this State shall tax and charge upon the proper books to be provided and kept in their offices for the services by them performed in said county, the fees and amounts following, to wit:

1. "For each writ, summons, or other process, under seal, except fee bills, executions and subpœnas . . .50

2. "For each subpœna, to include all witnesses of one county called for at one time. . . . . . . .25

3. "For issuing and filing each subpœna for the grand jury. . . . . . . . . . .10

4. "For each one hundred words of copy of any record or paper when required, four figures counting as one word .10

5. "And if the number of words in any copy be less than five hundred words, for such copy . . .50

6. "For all entries in order books on complete record,

when no specific fee is allowed, per one hundred words, four figures counting as one word . . . . .10

7. " And if the number of words in any copy be less than five hundred words, for such copy . . .50

8. " For receiving and entering a verdict of a jury .10."

The above extract, from said 5th section, contains all of the section, or of the fee and salary act, which has a direct bearing upon the questions for decision in this case. For the sake of convenient reference, we have numbered, as above, the different items of said section, from 1 to 8, both inclusive. We may premise, that an examination of the enrolled act, in the office of the Secretary of State, has disclosed the fact that there is a mistake in the item numbered 6 as above, as the same appears in print in the Acts of the Special Session, 1875, pp. 32, 33, and in 1 R. S. 1876, p. 468, in this : That the word *on*, as it appears in print in said item, is a misprint of the word *or*, which is the word used and found in said item, as it appears in the enrolled act. So that the true and correct reading of said item numbered 6, as above, as shown by the enrolled act, is as follows :

6. " For all entries in order books or complete record, when no specific fee is allowed, per one hundred words, four figures counting as one word.......................... .50 "

There is another section of another statute, which has an important, and it seems to us, a controlling bearing upon the question for decision in this case; and that is section 22 of " An act providing for an organization of circuit courts," etc., approved June 1st, 1852, which section reads as follows :

" Sec. 22. It shall be the duty of the clerk of the circuit court to draw up each day's proceedings at full length, and the same shall be publicly read in open court, after which they shall be signed by the judge ; and no process shall issue on any judgment or decree of the

court until it shall have been so read and signed." 2 R. S. 1876, p. 10.

Again, in section 3 of "An act providing for the election of clerks of the circuit court, and prescribing some of their duties," approved June 7th, 1852, it is made the duty of such clerks, *inter alia*, to " enter, in the proper record books, all orders, judgments, and decrees of such courts, and in final record books, within one month after the same are finally determined, a complete record of all causes " in which a complete record may be required by law, or may be requested by either party. 2 R. S. 1876, p. 16.

In the case at bar, it will be observed, that, in its special finding, the court below has found, that, in the proceedings in the cause wherein the appellees had moved the court for an order requiring the appellant, as clerk, to re-tax the costs, " there were five several entries upon the order book of said court," each of which several entries contained less than five hundred words ; and that there was a sixth entry on the fee book of said court, which also contained less than five hundred words. In his taxation of the costs of said cause, the appellant, as clerk, had taxed a fee of fifty cents for each one of said several entries on the order book, and a like fee of fifty cents for said entry on the fee book, making the aggregate costs taxed for all of said entries the sum of three dollars.

The total number of words, in all of the said five entries on the order book, the court has found to be four hundred and seventy words ; and, upon this finding of fact, the court has found, as a conclusion of law, that the appellant, as clerk, was entitled, under the law, to a fee of only fifty cents for all of the said five several entries on the order book, in the aggregate. The court has also found that the total number of words in the entry on the fee book was two hundred words ; and, upon this finding of

fact, the court has found, as a conclusion of law, that the appellant, as clerk, was entitled, under the law, to a fee or costs at the rate of ten cents for each one hundred words, or twenty cents in the aggregate, for said entry in said fee book. It will be seen, that, under the finding of the court and its conclusion of law, the aggregate costs of the appellant, as clerk, for the said six entries, were only seventy cents, instead of three dollars, as taxed by the appellant.

The question for our decision in this case is this: Under the facts found by the court in its special finding, what were the costs to which the appellant, as clerk, was justly entitled, under a fair and reasonable construction of that part of section 5, above quoted, of the fee and salary act of March 12th, 1875? It may be assumed, as the contrary was not found by the court, that the five several entries in the cause, in the order book, were properly and legally made by the appellant, as clerk, under that provision of the statute, above quoted, which made it his duty " to draw up each day's proceedings at full length." Each of said five several entries, in the order book, contained less than five hundred words. Was the appellant, as clerk, entitled under the statute to a fee of fifty cents for each of these five several entries? The proper answer to this question depends, as it seems to us, upon the construction to be given to the items, numbered 6 and 7 as above, in said section 5. In construing these two items in connection with the other items above quoted, it must be borne in mind that the recognized rules for the construction of statutes require that they should be so construed as to give a reasonable effect to every part, if they are capable of such construction, and that we must not suppose that words have been used which were intended to import nothing. *Stayton* v. *Hulings*, 7 Ind. 144; *Lovejoy* v. *Robinson*, 8 Ind. 399; *Zorger* v. *The City of Greensburgh*, 60 Ind. 1.

" It is an established rule in the exposition of statutes, that the intention of the lawgiver is to be deduced from a view of the whole, and of every part of a statute, taken and compared together. The real intention, when accurately ascertained, will always prevail over the literal sense of terms." 1 Kent Com. 461.

It is very clear, we think, that the items numbered 4 and 5 as above, in said section 5 of the fee and salary act, relate to and provide for the same subject-matter, namely, copies, transcripts or exemplifications of any record or paper remaining in the clerk's office. If the copy required contain less than five hundred words, the clerk is authorized, by said item numbered 5, to charge a fee of fifty cents therefor; but, if it contain five hundred or more words, then he is authorized, by item numbered 4 as above, to charge for each one hundred words of such copy a fee of ten cents.

It is equally clear to our minds, that the items numbered 6 and 7 · as above, in said section 5, relate to and provide for the same subject, namely, entries in the order book or complete record. Thus, if the entry contain less than five hundred words, we think that the clerk is authorized, by the true intent and meaning of said item numbered 7 as above, to charge a fee of fifty cents for any such entry, but if the entry contain five hundred, or more words, then the clerk is authorized by said item numbered 6 as above, to charge for each one hundred words in such entry a fee of ten cents.

It will be observed, that these two items, 6 and 7, are coupled together by a copulative conjunction, in the same manner as the items numbered 4 and 5 as above. If the item numbered 7 were literally construed, it would be a vain and empty repetition of the item numbered 5 as above, and nothing more, and no effect whatever would or could be given to it, beyond what was already accom-

plished by said item numbered 5.   We are satisfied that it was the intent and meaning of the Legislature, in the enactment of said item numbered 7 as above, to provide, that, if the number of words in any entry in the order book or complete record were less than five hundred words, the clerk should be entitled, for each such entry, to a fee of fifty cents.   By giving this construction to said item numbered 7 as above, we give force, effect, and meaning, as well to said item as to item numbered 5 as above, and we arrive at what we regard as the legislative intent in the enactment of both of said items.

The construction we have given to the items last considered, in said section 5 of the fee and salary act of March 12th, 1875, is not only sustained by the general rules for the construction of statutes, but also, as we think, by the subsequent legislation of the General Assembly of this State on the same subject-matter, in the recent fee and salary act, approved March 31st, 1879.   In section 16 of the act last referred to, in fixing the fees of the " Clerks of the Circuit, Superior and Criminal Courts of this State," it is provided, among other things, that the clerk shall have a certain fixed fee, " For entering on the order book each order and minute of the proceedings of the court during term, and reading the same, including the title of the cause, [when] the number of words in such entry is less than three hundred words, *for each entry,* 25 cents." Acts of Reg. & Spec. Sess. 1879, p. 132.   This statutory provision tends, we think, to some extent at least, to show that it was the intention of the General Assembly, in the legislation on the same subject as in said section 5 of the act of March 12th, 1875, to provide that the clerk should be entitled to a fixed fee " for each entry " on the order book, where the entry contained less than a given number of words.

In our opinion, the court below erred in its conclusion

of law upon the facts specially found, in this, that the court should have found, as its conclusion of law upon those facts, that the appellant, as clerk, was entitled, under the statute then in force, to the fixed fee of fifty cents for each of the said several entries on the order book, and that, in so far as those several entries are concerned, the appellant's taxation of the costs was correct and fully authorized by the plain intent and meaning of the statute.

In so far as the entry on the fee book is concerned, we do not find any provision in the act of March 12th, 1875, which would entitle the appellant, as clerk, to any higher or different fee for this entry, than the court below has allowed him, to wit, ten cents for each one hundred words, counting four figures as a word, in said fee-book entry.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to the circuit court to make its conclusion of law, upon the facts found, in accordance with this opinion, and render judgment accordingly.

Opinion filed at November Term, 1878.
Petition for a rehearing overruled at May Term, 1879.