No. 9130.

## LOEB v. THE CITY OF ATTICA.

CITY.—*Power to Prohibit Sale of Intoxicating Liquor on Sunday.*—A city, organized under the general law for the incorporation of cities, has no power to pass an ordinance prohibiting the sale of intoxicating liquors within the city on the Sabbath day.

From the Fountain Circuit Court.

*J. McCabe* and *C. M. McCabe*, for appellant.

*M. Milford*, for appellee.

BEST, C.—On the 11th day of August, 1880, this action was brought by the appellee against the appellant to recover a penalty for the violation of an ordinance prohibiting the sale of intoxicating liquors within the city on the Sabbath day.

Before the mayor the appellee recovered, and upon appeal the appellant moved to dismiss the case because the city had no power to pass the ordinance. This motion was overruled; the cause was tried by the court and final judgment rendered against the appellant.

The only question on this appeal is whether the city possessed the power to pass the ordinance.

As nothing appears to the contrary it will be presumed that the city of Attica was incorporated under the general law for the incorporation of cities. *Lowrey* v. *City of Delphi*, 55 Ind. 250; *Bessonies* v. *City of Indianapolis*, 71 Ind. 189.

The general law for the incorporation of cities provides that the common council shall have power to enforce ordinances " To regulate and license all inns, taverns, or other places used or kept for public entertainments; also all shops, or other places, kept for the sale of articles to be used in, and upon the premises." Thirteenth subdivision of section 53. Section 54 provides that " to exact license money from all persons licensed to retail intoxicating liquors by county or State authority and to regulate all places where intoxicating liquors are sold to be used on the premises, the common council shall have jurisdiction two miles beyond the city limits."

These sections confer the power to require a license to retail within the city, and authorize the common council to regulate all places where intoxicating liquors are sold to be used upon the premises. They do not, however, authorize the common council to regulate places where intoxicating liquors are sold not to be used upon the premises, nor to regulate places where they are not sold unless other articles are sold to be used upon the premises. The power conferred is limited. These sections do not confer the power to prohibit the sale of intoxicating liquors within the city, nor to regulate the places where such liquors are sold, except the places where they are sold to be used upon the premises. There is no power to regulate other places where they are sold, nor to prohibit the sale of them generally in the city. The ordinance in question does not purport to regulate any place where intoxicating liquors are sold to be used upon the premises, but prohibits the sale absolutely at all places within the the city on the Sabbath day. This ordinance is manifestly not within the power conferred by these sections.

It is also insisted that the seventh subdivision of section 53, which provides, that the common council shall have power

"To preserve peace and good order, prevent vice and immorality, and quell riots and disorderly assemblages," confers the power to pass the ordinance in question. If the power to regulate places where intoxicating liquors are sold to be used upon the premises had not been expressly conferred, and the Legislature had not undertaken to prohibit sales of intoxicating liquors at all places within the State on the Sabbath day, there would be much force in this position, but as the power to regulate certain places where intoxicating liquors are sold has been expressly conferred, and the Legislature has enacted general laws upon this subject, we can not think that the power to adopt the ordinance in question has been conferred by implication.

It is said in Dillon Municipal Corporations, 2d ed., section 298, that " Where there are general laws of the State respecting the sale of intoxicating liquors, a public corporation, by virtue of a general power ' to make all by-laws that may be necessary to preserve the peace, good order, and internal police' therein, is not authorized to pass an ordinance requiring a corporate license, and punishing persons who sell such liquors without being thus licensed."

If cities, under such power, where general laws are in force upon the subject, have no authority to require a license, or to punish for selling liquors without a license, it must follow that they have no power to prohibit the sale of such liquors, or to punish persons who sell them in violation of such ordinances.

The appellee refers us to the case of *Megowan* v. *Commonwealth*, 2 Met. (Ky.) page 3, where a similar ordinance was sustained. The cases are unlike. The Legislature of Kentucky conferred the power upon the cities to pass all ordinances for its government not inconsistent with the constitution of the State or of the United States. Under this power, which was ample, the ordinance was passed and sustained.

We have been referred to no other law, and know of none, that confers the authority, and, therefore, think the city pos-

sessed no power to pass the ordinance in question, and that the court erred in overruling the appellant's motion to dismiss the case.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to sustain the appellant's motion to dismiss the case.