Filed Jan. 23, 1884.

---

### No. 11,133.

### TOWN OF PRINCETON v. GIESKE.

TOWN.—*Street Improvements.*—*Negligence or Unskilfulness.*——*Damages to Abutting Proprietors.*—Where an incorporated town undertakes the improvement of its public streets, and does the work negligently or unskilfully, it will be liable in damages to an abutting lot-owner for such injuries to his lot and premises as result directly from its negligence or unskilfulness in the improvement of such streets.

SAME.—*Assessment of Damages.*—*Opinions of Witnesses.*—In the assessment of the plaintiff's damages the jury is not bound or concluded by the opinions or estimates of witnesses as to the amount of such damages.

PRACTICE.—*Weight of Evidence.*——*Supreme Court.*—Where the verdict of a jury is approved by the trial court, it will not be disturbed by the Supreme Court upon what might seem to be the weight of the evidence.

SAME.—*Available Error.*——*Refusal of Instruction.*——*Presumption.*—Where the record fails to show affirmatively that it contains all the instructions of the court to the jury, the refusal of the court to give an instruction, even though it state the law correctly and be applicable to the case, can not be regarded as an available error for the reversal of the judgment; for, in such case, it would be presumed that the instruction was refused because its substance had been given in the court's own instructions.

From the Gibson Circuit Court.

*H. A. Yeager* and *C. A. Buskirk,* for appellant.

*M. W. Fields,* for appellee.

HOWK, C. J.—This was a suit by the appellee against the appellant, to recover damages for injuries to his lot and ap-

Town of Princeton v. Gieske.

purtenances, within the corporate limits of the town of Prince-
ton, occasioned, as alleged, by the appellant's negligent and
unskilful improvement of its public streets.    The cause was
put at issue and tried by a jury, and a verdict was returned
for the appellee, assessing his damages in the sum of $75.
Over appellant's motions for a new trial and in arrest, the
court rendered judgment against it for appellee on the verdict.

Appellee's complaint was in two paragraphs, to each of
which the appellant demurred, upon the ground that it did
not state facts sufficient to constitute a cause of action. Each
of these demurrers was overruled by the court, and to each
of these rulings the appellant excepted.    These rulings are
assigned as errors by the appellant, and they present for de-
cision the first questions we are required to consider.

In the first paragraph of his complaint, the appellee alleged
that he was and had been the owner of, and had resided upon,
the west half of lot No. 26, in the original plan of the town
of Princeton, excepting fifteen feet off of the north end of
such lot; that before the doing of the injuries and grievances
by the appellant, thereinafter complained of, there was a com-
fortable dwelling-house on such lot, and a good, dry cellar,
wells, cisterns, out-houses, and appurtenances in good repair;
that such lot was bounded on the south by Main-Cross street,
in such town; that the ground from the east and northeast
of such lot, for nearly a quarter of a mile, had a natural in-
cline towards the southwest, over the appellee's lot; that all
the water accumulating from rainfall, to the north and
east of such premises, by natural flowage came down over
such lot and collected into a drain along the north side of
Main-Cross street, in front of such lot, and thence by means
of a drain across such street to the south, and into another
running stream of water, in the south part of such town, so
that by natural flowage the waters accumulated upon such lot
had free and rapid egress into another flowing stream; that,
on or about May 1st, 1881, the appellant, having exclusive
control over its streets, commenced a series of improvements

in the vicinity of appellee's lot, and caused Main-Cross street to be graded and macadamized, and by means thereof the said drain, where it crossed the said street below the appellee's lot, and the drains along the north side thereof, were filled up to the depth of several feet and the flow of such water was wholly prevented; that the appellant wholly failed to provide any means of exit for the waters of such drains, and so negligently and unskilfully provided for the drainage of the waters of such drains that they were entirely choked up and their flow obstructed below the appellee's lot, so that, by reason of the wrongful filling up of such drains, and of the appellant's failure to provide other and sufficient drainage therefor, the waters accumulating on and above the appellee's lot had no sufficient outlet, but remained standing on the same until evaporated by the sun or otherwise; that by unskilful and careless grading of said street, the appellant had caused an increased volume of water to flow on appellee's lot, and provided no sufficient drainage therefor; that, by means of the premises, the appellee's cellar was filled with water and destroyed, and his dwelling-house was rendered unhealthful by reason of water flowing into and standing in the rooms thereof; that appellee's wells and cisterns were filled with surface-water, causing him great expense in having the same drawn out, and he incurred great expense in sewering such water from his cellar and dwelling-house; that, by reason of the flow of water into appellee's house and cellar his residence was rendered damp and unhealthful, causing sickness in his family and making him liable for large sums of money for doctors' bills and medicines; and that, by reason of the premises, and without his fault or negligence contributing thereto, the appellee had sustained damages in the sum of $1,000, for which he asked judgment.

In the second paragraph of his complaint, the appellee alleged substantially the same facts as were averred in the first paragraph, with, perhaps, this change or addition: It was alleged, in such second paragraph, that the appellant had

constructed, within its territorial limits, a general system of public drainage; that for the purpose of draining his lot the appellee had constructed his private sewer so as to connect the same with the appellant's system of drainage; that, in the improvement of said Main-Cross street, the appellant had torn up and destroyed the sewers and culverts which had led the surface-water off from appellee's lot; and that, in the place of such sewers and culverts, the appellant had failed and neglected to provide other and sufficient drainage. Wherefore, etc.

We are of opinion that the court committed no error in overruling appellant's demurrers to each of these paragraphs of complaint. On behalf of the appellant, it is contended by its counsel, with much earnestness and ability, that it can not be held liable to the appellee in damages under the law for the injuries to his lot and premises occasioned by the improvement of Main-Cross street. Counsel say : " If, in grading or improving a street in an incorporated town, the surface-water which falls upon any lot, or flows thereon from other lots, is prevented from escaping or running off by such grade or improvement, no action will lie against the town on this account, although damage may be thus done to the lot and its owner." This can hardly be said to be a correct statement of the law applicable to the case made in either paragraph of appellee's complaint. Doubtless, it is true, that under section 3367, R. S. 1881, in force since April 27th, 1869, the board of trustees of an incorporated town in this State has " exclusive power over the streets, alleys, highways, and bridges within the corporate limits of such town." It is true, also, that such board of trustees may " straighten, narrow, widen, grade, and gravel, and otherwise alter and improve" the streets and alleys of such incorporated town. Where the improvement of the street is carefully and skilfully made and done, the town can not be held liable to any lot-owner for merely consequential damages to him or his lot. But where the work is negligently done, and without the ex-

ercise of a reasonable degree of skill, we know of no reason why the town should not be held liable in damages for such injuries as result to any lot-owner from its negligence and want of proper skill.    In such cases, it has been repeatedly held by this court, and correctly so, that the corporate town or city is liable in damages to the lot-owner for such injuries to his lot and premises as result directly from the negligence or unskilfulness of the municipal corporation or its servants in the improvement or repair of its streets.    *City of South Bend* v. *Paxon,* 67 Ind. 228; *Weis* v. *City of Madison,* 75 Ind. 241 (39 Am. R. 135); *City of Evansville* v. *Decker,* 84 Ind. 325 (43 Am. R. 86); *Town of Martinsville* v. *Shirley,* 84 Ind. 546; *Platter* v. *City of Seymour,* 86 Ind. 323; *City of Anderson* v. *Neal,* 88 Ind. 317; *Rozell* v. *City of Anderson,* 91 Ind. 591.

Each of the paragraphs of complaint was sufficient to withstand the demurrer thereto for the want of facts, and surely the court did not err in overruling the motion in arrest of judgment.

Under the alleged error of the court in overruling the motion for a new trial, the appellant's counsel have devoted much of their elaborate argument to the discussion of the alleged insufficiency of the evidence to sustain the verdict of the jury. It is not necessary, nor would it be profitable, for us to set out at length or comment upon the evidence adduced upon the trial and appearing in the record.    It will suffice for us to say that the bill of exceptions, set out in the transcript, contains evidence which fairly tends to sustain the verdict on every material point.    Appellant's counsel claim that the case made by the evidence materially differed from the case stated in appellee's complaint.    It seems to us, however, from our examination of the record, that the evidence justified the jury in finding that the injuries to appellee's lot and dwelling-house and appurtenances, of which he complained in each paragraph of his complaint, were caused directly, without any contribu-

tory fault on his part, by the negligence and unskilfulness of the appellant and its servants, in the improvement of its streets. The jury were the proper judges of the credibility of the witnesses, and it was their province to weigh the evidence and to determine its preponderance. This court will not attempt to weigh the evidence where it is conflicting, nor disturb the verdict of a jury which has met the approval of the trial court, upon what might seem to be the preponderance of the evidence. This rule, and the reasons therefor, have often been stated in the reported decisions of this court. *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73 ; *Hayden* v. *Cretcher,* 75 Ind. 108 ; *Cornelius* v. *Coughlin,* 86 Ind. 461.

It is claimed, also, by the appellant's counsel, that the damages assessed were excessive. This claim is based upon the fact, as we understand counsel, that none of the witnesses had expressed an opinion, in their testimony, estimating the appellee's damages at as large a sum as the sum assessed by the jury in their verdict. But, in such a case as this, it was the province and duty of the jury, and not of the witnesses, to assess the appellee's damages. Upon the facts of the case, as shown by the evidence adduced by the parties, the jury were the proper judges, under the law, to ascertain and declare what damages, if any, the appellee had sustained by reason of the grievances complained of, and the extent or amount of such damages. Certainly, it can not be held, in such a case, that, in the assessment of the amount of damages sustained by the plaintiff, the jury trying the cause, with all the facts in evidence before them, are bound or concluded by the opinion or estimate of any witness in regard to the amount of such damages. Upon the facts of this case, as shown by the record, we are of opinion that the damages assessed by the jury in favor of the appellee were not excessive. *Noah* v. *Angle,* 63 Ind. 425, and cases cited.

Appellant's counsel complain, also, of the refusal of the court to give the jury a certain written instruction at the appel-

lant's request. The point is made by the appellee's counsel that, if it were conceded that the instruction contained a correct statement of the law, and was applicable to the case made by the pleadings and evidence, the record would fail to show that the refusal of the court to give such instruction constituted an error which could be made available for the reversal of the judgment. It is not shown affirmatively, in the transcript of this cause, that it contains all the court's instructions to the jury. In this condition of the record we can not say that the error of the court in refusing to give the instruction requested by the appellant, if it be an error, is such an error as ought to reverse the judgment. In this court the presumption is that the trial court did not err in any of its rulings, and this presumption is indulged until it clearly and affirmatively appears that an error was committed to the positive injury of the complaining party. Where the court has refused, upon the request of a party, to give the jury an instruction, containing an accurate statement of the law applicable to the case, the refusal of the court to give such instruction, in the language of the party or of his counsel, could not be regarded as error if it were shown by the record that the court had given the jury, in its own language, the substance and law of such instruction. The court may have refused to give the jury the instruction asked by the appellant upon the ground that it had already given them the substance thereof in its own language. As it is not shown by the transcript before us that it contains all of the court's instructions to the jury, if it were assumed that the instruction refused stated the law correctly and was applicable to the case, the presumption would be that it was properly refused, and such refusal would not constitute an available error. *Freeze* v. *DePuy*, 57 Ind. 188; *Myers* v. *Murphy*, 60 Ind. 282; *Coryell* v. *Stone*, 62 Ind. 307; *Bowen* v. *Pollard*, 71 Ind. 177.

" The instruction was refused, and an exception entered. But the reason of the refusal of the instruction is not given, nor does the record exclude the presumption that it may have

been refused for a sufficient reason. It should do so." *Fitzgerald* v. *Jerolaman*, 10 Ind. 338. *Stott* v. *Smith*, 70 Ind. 298.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

