*J. A. Liston, N. Eddy* and *J. S. Harvey*, for appellees.

### CHAPIN *v.* CLAPP.

INTERROGATORIES TO JURY.—In this case, the questions considered by the court arise upon numerous interrogatories addressed to the jury, and the answers thereto. . The points cannot be stated without setting out the interrogatories and answers, and reference is therefore made to the opinion for the points decided.

APPEAL from the *Elkhart* Common Pleas.          . ·

FRAZER, J.—The complaint was in three paragraphs. The first paragraph alleges a special contract, in writing, between the parties for the building of a house by the plaintiff, for the defendant, and furnishing the materials therefor, at a fixed price of $3,100. That at the instance of the defendant, the plans were greatly changed and enlarged, and the contract waived, and that work was done and materials furnished in building the house, upon the enlarged plan, to the amount of $4,000 more than was required by the original contract, &c. The second and third paragraphs are the common *indebitatus* and *quantum valebant* counts for work, labor, care, diligence and materials, done and furnished by the plaintiff for the defendant, in the erection of a house. The answer was in six paragraphs, three only of which are involved here; they are: 1. General denial. 2. Payment. 3. That the whole work was done and the materials furnished,

under the written contract, except certain items at agreed prices, making the aggregate $3,800, which has been fully paid. The reply denied the truth of these paragraphs of the answer. The jury found a general verdict for the plaintiff, in the sum of $2,477, and answered interrogatories to the effect that the written contract had not been waived by the consent of the defendant; that no additional contracts or agreements were made by the parties, and no prices determined by the parties for extra work; that the plaintiff quit the job before it was completed, and that $3,788 03 had been paid by the defendant to the plaintiff. Also as follows: "8. Did Clapp build a wood house? Ans. No. 9. If he did not, what was it worth to do it, in the summer and fall of 1863? Ans. Do not know what it cost Mr. *Chapin.* 17. Did the plaintiff, on or about the 28th of *November,* 1863, tell *Chapin* that his extra work amounted to only $350, or thereabouts? Ans. No. 18. Did he after that time do any extra work, and if so what was the amount of it? Ans. We do not know. 20. How much did the defendant pay for the completion of the work, according to the contract, and according to subsequent contracts, if any existed, after *Clapp* left the building? Ans. We have no means of knowing the exact amount paid by the defendant therefor, but allow the defendant $250 for the completion according to the written contract. 23. Did *Clapp* build the house in a good workmanlike manner, and according to the best of his art and skill? Ans. He did, with a few exceptions. 24. Did he use good and well seasoned materials, proper and sufficient for said building? Ans. He did, with a few exceptions." Upon the return of the verdict, the defendant moved the court to require more specific answers to the 9th, 18th, 20th, 23d and 24th interrogatories. The motion was overruled, and we are called upon to review this action of the court. A motion by the defendant for judgment upon the answers to interrogatories was also overruled, and that question is before us.

The giving of certain instructions to the jury is also

complained of, as not having been applicable to the evidence, and therefore operating to confuse the jury and lead it away from the real questions before it. It is not claimed that the instructions do not state correctly the law of a case involving the points embodied in them, and we have not therefore considered their abstract soundness, as legal propositions. We have looked into the evidence, however, and it seems to us that the instructions complained of cannot be held to be inapplicable to it.

The sixteenth interrogatory was immaterial, so far as any answer to it could operate upon or control a general verdict. It must be considered with reference to the seventeenth. Suppose the plaintiff did tell the defendant, at a certain time, that his extra work then amounted to only $350. Such an admission is not conclusive of the fact, but only evidence of it, and the jury might, nevertheless, have such evidence before them as would require them to find that the extra work was greatly in excess of what the plaintiff had stated it to have been; indeed, that it was so much, that after deducting all payments made beyond the contract price, the balance would be the sum found by the general verdict. In that case, it could certainly be of no advantage to the defendant to ascertain whether or not extra work had been afterwards done. We think that neither the seventeenth nor eighteenth interrogatories should have been sent to the jury at all. But again: Inasmuch as the seventeenth question was answered in the negative, it is not within our power to perceive how any answer to the eighteenth could have controlled the general finding. No possible answer to it could have been in conflict with the latter. If it had been found that at the date named in the seventeenth, the extra work did, in fact, amount to only $350, then a negative answer to the eighteenth would have been important, for the two answers together would have shown a limit beyond which the general verdict could not go. The twentieth interrogatory was also immaterial, and hence it was not error to refuse to require a specific answer to it.

The proper and material question. was, not what was paid, but what it was worth to finish the work.

The answers to the twenty-third and twenty-fourth interrogatories were sufficient.   The answers were general, because the questions were general.   If specific facts were desired to be found, the questions should have been so framed that answers to them must have involved a finding as to those facts.   These interrogatories did not call for answers any more particular than were given.

We have omitted to consider, in its natural place, the question made upon the refusal to require a better answer to the ninth question sent to the jury.   It is apparent that the answer given was not responsive to the question, and there was therefore no answer to that question.   But no proper answer that could be framed could have been of any advantage to the appellant, for without an interrogatory and answer showing that the plaintiff had contracted to build a wood house, and there were none, any answer to the ninth interrogatory would have stood as a detached fact, and could not have directed the judgment, as against the general verdict.   This interrogatory should not have been put, unless others connecting it with the case had gone with it.

We perceive nothing in the answers to the interrogatories upon which the court below could have based a judgment contrary to the general verdict.   True, some of the answers might possibly be construed as meaning that there was no contract, either express or implied, concerning the work, save that which was originally put in writing, the jury having found that there was no " other made between the parties."   But such a construction would be unreasonable, and is not required by the language employed.   It was not disputed on the trial, that some modifications of, and changes and additions to the original plan of the building had been made at the appellant's request.   To this the appellant himself testified as a witness.   The dispute was almost wholly concerning the extent and cost of these changes.   Under such circumstances, it would be very unfair to

suppose that the jury meant to find that there was no extra work done, under such circumstances that the law would imply a promise to pay for it. It would be justified only in the event that such language was used in the findings as would not reasonably admit of any other interpretation. But that is not so here. The more natural meaning of the terms employed is that no such contract was expressly made, by or " between the parties."

The judgment is affirmed, with three per cent. damages and costs.

*A. G. Porter, B. Harrison* and *W. P. Fishback,* for appellant.
*J. S. Harvey* and *N. Van Horn,* for appellee.