## KEPLER *v.* HYER ET UX.

DAMAGES.—*Injury to Reputation.*—*Action for Personal Injury.*—In an action by a husband and wife for a personal injury to the wife, it is error to instruct the jury that they may give damages to the plaintiffs for injury to the reputation of the wife.

From the Fayette Circuit Court.

*J. C. McIntosh* and *H. C. Fox*, for appellant.

*B. F. Claypool* and *L. Develin*, for appellees.

DOWNEY, J.—This was an action for an alleged injury to the person of Almeda A. Hyer, one of the appellees and wife of the other appellee. The answer was a general denial. The issue was tried by a jury, and there was a verdict for the plaintiffs, assessing the damages at five hundred dollars. A motion for a new trial was made by the defendant, overruled by the court, and final judgment rendered for the plaintiffs for the amount of the verdict. Overruling the motion for a new trial is the error alleged.

The theory of the case, upon the facts, as presented by the evidence of the female plaintiff, was, that she was passing on the street from her residence to her husband's store; that she met the defendant, who on pretence of some business, concerning which he wished to converse with her, induced her to return with him to the residence; that when they got to the house, he made a proposition to her to go to a designated city at a future time, on pretence of business, and spend a day or

night there; that she resented this, and started to leave the room; that he grasped her by the arm and requested her to remain, and tried to force her to sit down; that she tore herself away from him and ordered him out of the house; that he took hold of her again, and she again tore herself away from him, when, after some conversation, he left the house.

The defendant's theory, according to his testimony, was, that they met on the street; that she requested him to accompany her to the house, which he did; that when they got there she proposed the trip to the city mentioned, and that he refused to go with her. He also denied having touched her, or having made the alleged propositions.

The acts of the defendant, narrated by the female plaintiff, constituted the assault and battery mentioned in the complaint.

The court instructed the jury as follows:

" The law in this class of cases does not fix the measure of damages, but leaves the jury, in the exercise of a sound discretion, to determine, in view of all the facts and circumstances developed by the testimony, what the amount should be, not exceeding the amount claimed in the complaint. You are not, however, to inflict upon the defendant, if you find he committed the assault and battery, punitive damages, that is, damages to punish him for his wrong-doing, or to deter others from a like offence; but the damages must be compensatory to the plaintiff for the injury she has received, not confined to bodily suffering, or to actual pecuniary loss, but you should take into consideration every circumstance of the act which injuriously affected the plaintiff, not only in property, but in her person, in her peace of mind, reputation, and, in short, her individual happiness."

Exception was taken by the defendant to this instruction, and it was made a ground of the motion for a new trial. The main ground of objection to the instruction is, that it authorized the jury to give damages to the plaintiffs for injury to the reputation of the female plaintiff. Two cases are found in this court on the subject of the measure of damages in cases of this kind, namely, *Taber* v. *Hutson*, 5 Ind. 322, and *Cox*

v. *Vanderkleed*, 21 Ind. 164. These cases do not warrant the instruction given in this case. No case has been cited, and we have found none, justifying the position that injury to reputation or character can be a basis on which to estimate, in whole or in part, the damages recoverable in such a case.

Counsel for appellee refer us to 2 Greenl. Ev., sec. 89, where the rule is thus stated:

"The manner, motives, place, and circumstances of the assault, however, though tending to increase the damages, need not be specially stated, but may be shown in evidence. Thus, where the battery was committed in the house of the plaintiff, which the defendant rudely entered, knowing that the plaintiff's daughter-in-law was there sick and in travail, evidence of this fact was held admissible without a particular averment. Nor are the jury confined to the mere corporal injury which the plaintiff has sustained; but they are at liberty to consider the malice of the defendant, the insulting character of his conduct, the rank in life of the several parties, and all the circumstances of the outrage, and thereupon to award such exemplary damages as the circumstances may in their judgment require."

This authority falls far short of sustaining the instruction in question. We think that the instruction should not have been given.

Objections are made to other instructions given, but we need not examine them.

A point is made as to rulings of the court with reference to evidence admitted, and other evidence excluded, during the trial. These matters are referred to in the motion for a new trial, as follows:

"The court admitted illegal, incompetent, and improper evidence upon the trial of the cause.

"The court excluded competent, legal, and proper testimony offered by the defendant at the trial."

These grounds for a new trial are too indefinite to present any question to the circuit court or to this court. *Tucker* v. *Call*, 45 Ind. 31. There are many other similar cases.

The judgment is reversed, with costs, and the cause remanded for a. new trial.