## CAMPBELL *v.* PETERMAN ET UX.

SUPREME COURT.—*Practice.*—*Instruction to Jury.*—*Record.*—Where the evidence given on the trial of a cause is not in the record, on appeal to the Supreme Court, no question can be considered as to the giving to the jury of an instruction which is not abstractly wrong.

SAME.—*Answer to Interrogatory.*—*Interest.*—In such case, an answer by the jury to an interrogatory as to the "amount" of interest allowed in their general verdict furnishes no light as to the "rate" of such interest, and the *time* for which it was allowed, to which such instruction referred.

From the Ripley Circuit Court.

*E. P. Ferris,* for appellant.

BIDDLE, J.—On the 23d day of April, 1873, James O. Campbell sold to John Peterman two tracts of land, one containing two hundred acres. Peterman agreed "to pay for said two hundred acres three thousand five hundred dollars, and pay five hundred dollars down and the rest by the 1st day of June next, and if not all paid by that time, said Peterman is to give his note, with ten per cent. interest, for the balance due, and on payment of two thousand five hundred dollars, said Campbell is to deliver said Peterman a good warranty deed for the said above described tract of land," etc. As to the other tract of land sold by the same contract, there is no controversy in the case.

This action is brought upon the above contract, to recover the balance of the purchase-money, alleged to be due.

The complaint was answered by a general denial, and two special paragraphs, upon which no question is made.

Trial by jury; general verdict in favor of the appellant, for six hundred and six dollars and twenty cents, and an answer to a special interrogatory, as follows:

" What interest have you allowed the plaintiff?

"Answer. Six dollars and twenty cents."

The necessary subsequent motions were made, and rulings upon them had, to bring the case here; and the assignments of alleged errors are properly made.

The plaintiff below is the appellant here. He says: " The only question in the case is the amount of interest to which the appellant is entitled;" and insists that he is entitled to interest at the rate of ten per cent., on the payment due on the 1st day of June, 1873, "if not all paid by that time." But the court instructed the jury, that the plaintiff was entitled to interest "from the date of the tender of the conveyance executed August 20th, 1875, at the rate of ten per cent." Of this part of the instruction the appellant complains. It may be true, as a legal proposition in the construction of the contract sued upon, that the appellant was entitled to interest on the 1st-of-June payment, if not made at that time; but, if true, as the evidence is not before us, we can not say that he has been injured thereby. For aught that is shown to us by the record, the payment might have been made according to the contract. Nor do we know what rate of interest the jury allowed. In their answer to the special interrogatory, they only state the amount of interest allowed, not the rate at which it was computed.

The evidence not being in the record, we must presume the verdict is right; and the instruction complained of not being wrong in the abstract, we must suppose that there was evidence before the jury to which it was applicable.

The judgment is affirmed, with costs.