## BOWLES *v.* STOUT, ADMINISTRATOR, ET AL.

SHERIFF'S SALE.—*Appraisement of Realty.—Illegal Appraisement.—Instruction to Jury.— Verdict.—Answers to Interrogatories.—Judgment.*—The widow of a deceased judgment debtor brought an action to enjoin the sale of the decedent's real estate on execution, on the ground that the last of the appraisements of the same, of which several had been made, was illegal and void ; and she demanded that sale of the same should not be allowed for less than a certain specified sum. To this complaint the defendant filed a general denial, and also a cross-complaint alleging that all such appraisements were void. The plaintiff answered the cross-complaint, admitting that the last appraisement was invalid and denying all other allegations. Trial having been had, the court, over the exception of the plaintiff, instructed the jury, that if the rents and profits of such real estate had not been included in a certain appraisement, and if a certain appraiser had assisted in making that and a subsequent appraisement, both were void, and they should find for the defendant on the cross-complaint; and it was agreed by the parties that the jury should find a general verdict for the plaintiff, on her complaint.

And the jury having found generally for the defendant, on the cross-complaint, and, specially, that such rents and profits had not been included in a certain appraisement, and that a certain appraiser had assisted in making that and a subsequent appraisement, and that the other appraisements were illegal and void, the court rendered judgment setting aside all of the appraisements but one.

*Held,* on motion for a *venire de novo,* that the verdict and findings of the jury were in accordance with the instructions of the court.

*Held,* also, that the judgment of the court was erroneous, and not in accordance with the verdict and findings.

SAME.—*Appraiser not Competent to Reappraise.*—One who has acted as an appraiser of real estate levied on for sale on execution is not a disinterested person competent to act as an appraiser on a reappraisement of the same, even though the first appraisement be void.

From the Orange Circuit Court.

*J. Baker,* for appellant.

*F. Wilson, M. T. Dunn, S. H. Buskirk* and *J. W. Nichol,* for appellees.

PERKINS, J.—Complaint by Julia Bowles, widow of the late William A. Bowles, against Leonidas Stout, administrator of the estate of Eliza Bowles, deceased, and William P. Shively, sheriff of Orange county, Indiana, praying an injunction upon the sale of real estate of the said William A. Bowles, deceased.

The following is the case made by the complaint:

On the 7th of December, 1868, Eliza Bowles, then the wife of said William A. Bowles, obtained a divorce from him, and a judgment of twenty-five thousand dollars for alimony, collectible with relief. On the 10th day of April, 1872, said William A. married the plaintiff, Julia Bowles, and, on the 28th of March, 1873, he died, leaving said Julia, his then widow, surviving him. Eliza Bowles, the divorced wife of said William A. and the plaintiff in the twenty-five-thousand-dollar judgment for alimony, also died, and Leonidas Stout was appointed administrator of her estate.

Said Eliza, during her lifetime, had caused an execution to be issued on said judgment to John P. McCart, then sheriff, and levied upon the real estate of said William A. Bowles. The property was appraised, but not sold, on the execution.

On the 8th of December, 1870, said Stout, administrator as aforesaid, caused an execution to be issued on said judgment, and placed in the hands of one Brown, then sheriff of Orange county, who levied the same on said real estate of said Bowles, and which execution was afterward returned " no sale," etc.

On the 20th of June, 1871, a *vendi.* was issued, on which there was an appraisement but no sale. On the 15th of August, 1873, said administrator caused another

*vendi.* to issue for the sale of said property, so levied on, and demanded a reappraisement, which was made by Cox, Spaulding and Hoggatt, at sixty-six thousand six hundred dollars, the previous appraisement having been one hundred and thirty-five thousand dollars. This writ was returned "no sale."

On the 29th of December, 1876, said Stout caused another *rendi.* to be issued, and demanded a reappraisement. The writ was placed in the hands of the defendant Shively, then being sheriff, etc., a reappraisement was had, and the value of the property placed at fifteen thousand dollars. This last appraisement was alleged to be illegal, and the prayer of the plaintiff's complaint was, that the defendants, and each of them, be perpetually enjoined from selling, or offering to sell, said property, for a sum less than eighty-nine thousand five hundred dollars, being nearly two-thirds of the appraisement that preceded that of Cox, Spaulding and Hoggatt, mentioned by the court in its decree and judgment.

Demurrer to the complaint overruled, and exception reserved.

Answer in two paragraphs:

1. A general denial;

2. By way of counter-claim, averring that the several appraisements of the property levied on were all illegal and void.

Prayer that they be set aside.

For answer to the counter-claim, the plaintiff admitted that the last appraisement made was invalid, and denied all other allegations.

The cause was tried by a jury.

At the close of the evidence, says the bill of exceptions, "The court instructed the jury, that, if the Washington Cox who assisted in making both appraisements was the same man, said last appraisement was an illegal and invalid appraisement, and that, if the rents and

profits were not appraised in the former appraisement, such appraisement was void; and that the jury, if they found the above facts to be true, should find for the defendant on his cross-complaint. To the giving of which instructions the plaintiff excepted."

The bill of exceptions continues: " And it was agreed by the parties, that the jury should find for the plaintiff a general verdict on her complaint. The jury, after considering of their verdict, returned the same into open court, and answers to interrogatories, propounded by the court, in words and figures following, to wit:

" ' We, the jury, find for the defendants upon the cross-complaint.　　　　　　　JOHN L. LINGLE, Foreman.'

" Interrogatories and answers:

" ' 1.　Do you find the first appraisement by Sheriff McCart illegal and void?

" ' Ans.　Yes.

" ' 2.　Is the Washington Cox mentioned in the appraisement, in which Washington Cox, Richard Spaulding and William Hoggatt were appraisers, the same Washington Cox that participated, and acted · as appraiser, in the former appraisement made by Cox, Adkinson and McNeff?

· " ' Ans.　Yes.

" ' 3.　In the first appraisement made, where Cox, McNeff and Adkinson were chosen appraisers, were the rents and profits of said real estate appraised?

" ' Ans.　No.

" ' 4.　Was the appraisement made by Sheriff Shively illegal and void?

" ' Ans.　Yes.　　　　　JOHN LINGLE, Foreman.'

" Thereupon the plaintiff moved for a *venire de novo*, for the reason that the jury failed to return a verdict on the issues submitted to them on the plaintiff's complaint, which motion the court overruled, and the plaintiff excepted, and thereupon moved the court for a new trial, for the following causes:

"1. Irregularity in the proceedings of the jury, in this, that the jury failed to return any verdict into court, or decide, in any way, the issue tried by them on the plaintiff's complaint, although the court instructed them, by the consent of the parties, in open court, to return a verdict in favor of the plaintiff.

"2. Misconduct of the jury, in failing to return a verdict in favor of the plaintiff, on the issue made on the plaintiff's complaint, although expressly directed by the court to do so, of which plaintiff's attorney was not informed until after said jury was discharged.

"3. Verdict not sustained by evidence.

"4. Verdict contrary to law.

"5. Error of law occurring at the trial, and excepted to by the plaintiff, in this; that the court instructed the jury, that, if Washington Cox was twice called as appraiser in the same case, the second appraisement would be void."

The motion for a new trial was overruled, and exceptions reserved by bill of exceptions.

The court rendered the following as its judgment in the cause:

"And the court, being sufficiently advised, orders, that all of said appraisements except the third, made by Cox, Spaulding and Hoggatt, be, and they are hereby, set aside and held for naught; and the defendants are forever enjoined from selling said real estate under or by virtue of either of said appraisements so set aside, and Stout, the administrator, is to pay the cost out of assets of the estate."

Such is the history of the case presented by the bill of exceptions.

The verdict of the jury was in accordance with the instruction of the court, and so were the answers to interrogatories. But the judgment of the court did not, as required by statute, accord with, nor rest upon, the verdict of the jury. 2 R. S. 1876, p. 186, sec. 370. The jury found

that all the appraisements were void. The judgment of the court treats one of them as valid. No explanation is given by the court, or appears in the record, for this departure from the verdict. Counsel inform us, that, while in the instructions the court told the jury, that, if the same person acted as appraiser in two successive appraisements, the second appraisement would, for that reason, be void, yet, when it came to render judgment, it modified its opinion so far as to hold, that, if the first appraisement was, for any reason, invalid, the rule given in the instruction would not apply; and, as the first appraisement in this case, in which Cox, the appraiser who participated in both, was invalid for the reason that the appraisers omitted to appraise the rents and profits, the court held the second of said appraisements valid. The statute requires that disinterested householders shall be selected as appraisers. 2 R. S. 1876, p. 211, sec. 447.

The only interest that is claimed as a disqualification of the appraiser, in this case, was pride of opinion, expressed in the first appraisement, touching the value of the property, which might influence him to sustain that opinion in the second appraisement. He had expressed such opinion in the first appraisement, and we are not able to see why there would not be the same disqualifying pride of opinion operating in the second appraisement as there would have been, if the rents and profits had first been appraised in a separate appraisement.

As the judgment must be reversed, it is not material that we extend this opinion. We may, however, observe, that this opinion is not intended to go beyond the case made. We do not decide, that, if a sale had taken place under such an appraisement, it would have been void.

The judgment is reversed, with costs, and the cause remanded, with instructions to the Orange Circuit Court to enter a judgment setting aside all the appraisements, and ordering a new appraisement.

NOTE.—JUDGE HOWK, having been of counsel, was absent.