## KEALING ET UX. *v.* VOSS ET AL.

INTERROGATORIES TO JURY.—*Special Verdict.*—Where interrogatories propounded to and answered by a jury do not cover all the matters in issue in the cause, the answers can not be regarded as a special verdict.

MECHANIC'S LIEN.—*Practice.—Motion for Judgment on Pleadings.*—Where, in an action to enforce a mechanic's lien, one paragraph of the complaint declares upon a written contract, and another on the common count, a motion for judgment for the defendant on both paragraphs, on the ground that the evidence shows that the plaintiff had not complied with the terms of the contract sued on, should be overruled.

SAME.—*Notice of Lien.—Description of Property.*—Where the notice of an intention to hold a mechanic's lien contains such a description of the mort-

gaged premises as that they can be definitely ascertained and located, such description is sufficient.

From the Marion Superior Court.

*D. V. Burns* and *J. C. Moore*, for appellants.

*E. T. Johnson, I. Herr, J. G. Voss* and *W. B. Smith*, for appellees.

Howk, J.—In this action, one William H. Henschen, as plaintiff, sued the appellants upon an open account for materials furnished, and work and labor done by said Henschen, plaintiff, at the request of the appellant, James A. Kealing, in the construction and erection of a certain house, situate on a certain lot, and for the enforcement of a mechanic's lien. The complaint of the plaintiff, Henschen, as amended, contained five paragraphs. During the pendency and progress of the cause, other parties, claiming to have acquired similar liens on the same house and lot, became parties and filed cross-complaints, setting up their respective claims and demanding judgment therefor. Issues were joined on the plaintiff's complaint, and on the several cross-complaints; and, before the trial of the cause, the plaintiff, Henschen, assigned his cause of action to the appellee Gustavus H. Voss, who was thereupon substituted as plaintiff in the action.

The issues joined on the plaintiff's complaint were tried by a jury, and a general verdict was returned for the appellee Voss, assessing his damages in the sum of three thousand two hundred dollars; and with their general verdict the jury also returned their special findings as to particular questions of fact submitted to them by the court.

The appellant James A. Kealing moved the court, in writing, for a judgment in his favor on the second, third, fourth and fifth paragraphs of the plaintiff's amended complaint; which motion was overruled, and to this decision said appellant excepted, and filed his bill of exceptions.

The issues joined on the several cross-complaints filed in the progress of the cause were, by consent, tried by the court, and findings and judgments were made and rendered thereon, of which no complaint is made in this court.

The court then rendered judgment on the general verdict, less a *remittitur* entered by the plaintiff, and for the foreclosure of the mechanic's lien, the sale of the property, and the application of the proceeds of such sale.

On an appeal from this judgment to the court below in general term, the judgment of the special term was affirmed, and from this judgment of affirmance the appellant James A. Kealing has appealed to this court.

The appellants have assigned as error the judgment of the court below in general term, affirming the judgment of the special term. The appellants assigned, in the court below in general term, the following decisions of said court at special term, as errors :

1. In overruling the appellants' motion to strike out four paragraphs of the plaintiff's amended complaint;

2. In overruling the appellants' motion for judgment on the second, third, fourth and fifth paragraphs of said amended complaint.

In their argument of this cause in this court, the appellants' learned attorneys say :

"The principal reason why the judgment was irregular is presented by the ruling on the motion of the appellants for judgment in their favor on the 2d, 3d, 4th and 5th paragraphs of the complaint. The complaint is in five paragraphs, the first of which is the common count, the others being special, each and every of them declaring on a certain written contract. The jury returned both a special and general verdict. The special verdict shows, that the plaintiff had not complied with the contract sued on, on his part. He could not, therefore, recover on the contract, but was remitted to his action for work and labor done, as set out in the common count.

In other words, as the plaintiff had not complied with the contract on his part, he was not entitled to recover, thereon, and, but for his common count, must have failed altogether."

For the purposes of their argument, in support of their motion for a judgment in the appellants' favor on the last four paragraphs of the complaint, the appellants' counsel seem to consider the special findings of the jury, on the particular questions of fact submitted to them by the court, as a special verdict. If the interrogatories submitted to and answered by the jury had covered and embraced all the matters in issue between the plaintiff and the appellants, then, perhaps, the answers of the jury, if full and complete, might have been properly regarded and treated as a special verdict. *Pea* v. *Pea*, 35 Ind. 387. But, in this case, the interrogatories propounded to and answered by the jury did not cover and embrace all the matters in issue between the said parties; and, therefore, the answers of the jury can not be regarded as a special verdict.

The appellants' motion for a judgment in their favor, on the second, third, fourth and fifth paragraphs of the amended complaint, and the argument of their counsel in support of said motion, were and are founded upon mistaken views of both the facts and the law of this case. The appellants' counsel are certainly mistaken when they say that the fourth paragraph of the complaint declared upon "a certain written contract," for this paragraph, as the record shows, was merely a common count "for work and labor performed and materials furnished." The learned counsel are also mistaken when they regard and treat the special findings of the jury in this case as a special verdict.

The appellants' motion for judgment, upon the theory of their counsel, was not applicable to the fourth paragraph of the amended complaint, and as to that paragraph the motion was correctly overruled. The motion was an en-

tirety, and as such was properly overruled as to all the paragraphs mentioned therein.

It is claimed by the appellants' counsel, that the court erred in rendering a judgment enforcing the mechanic's lien in this case, for this reason : Because " the notice does not, in describing the premises on which the lien was sought to be held and foreclosed, state the county and State in which the premises were situate." It does not. appear, from the record of this cause, that the appellants either objected or excepted to the form or substance of the judgment of the court in this regard; and therefore it might well be doubted whether this alleged error is properly presented for our consideration. But waiving the doubt and assuming that the question is properly presented, it seems to us that the notice of lien, set up in the plaintiff's complaint, showed, with reasonable and sufficient certainty, that the premises on which the plaintiff claimed to hold a lien were situate in the county of Marion and the State of Indiana. The caption and date of the notice of lien were as follows: " Indianapolis, Marion Co., Ind., Sept. 24th, 1875." In the body of the notice of lien, the premises are described as " that part of out-lot number 72, of the city of Indianapolis, described as follows, to wit:" and then follows a full and apparently accurate description of the part of said out-lot. In the complaint to enforce said mechanic's lien, the premises are described as situate in the city of Indianapolis, in Marion county, Indiana; and in the same manner the premises are described in the final judgment of the court in this case, without objection or exception to such description on behalf of the appellants, or either of them. In the notice itself, in this case, the premises were described with such accuracy as that they could be definitely ascertained and located, and this is all that was necessary. *Howell* v. *Zerbee*, 26 Ind. 214; *Caldwell* v. *Asbury*, 29 Ind. 451; *O'Halloran* v. *Leachey*, 39 Ind. 150; and *The City of Crawfordsville* v. *Irwin*, 46 Ind. 438.

We find no error in the record of this cause.

The judgment is affirmed, at the appellants' costs.