THE TOWN OF WESTERVILLE *v.* FREEMAN ET UX.

DAMAGES.— *Verdict.— Tort.— Excessive Damages.—Rule in Supreme Court.—* The Supreme Court will not disturb the verdict of a jury assessing damages for a tort, on the ground of "excessive damages," unless the amount assessed appears, "at first blush, to be outrageous and excessive," or where some improper element entered into the consideration of the jury, in assessing the damages.

INTERROGATORIES.— *Uncertainty in Answers.—* It was held in this case that the court did not err in refusing to require the jury to make more definite their answers to certain interrogatories.

From the St. Joseph Circuit Court.

*W. H. Calkins* and *L. A. Cole*, for appellant.

*D. Noyes*, *M. H. Weir* and *W. B. Biddle*, for appellees.

PERKINS, J.—Suit by Mrs. Sarah J. Freeman, with whom her husband, Blackstone Freeman, joined, to recover dam-

ages by Mrs. Freeman for injuries she received from falling into an excavation made in one of the streets of said town. Damages claimed, ten thousand dollars.

Issue; trial by jury; verdict for the plaintiffs for four thousand dollars; new trial granted. The second trial resulted in a verdict for the plaintiffs for two thousand dollars.

Motion for a new trial overruled, and judgment on the verdict.

The error properly assigned in this court is the overruling of the motion for a new trial.

The reasons for the new trial stated in the motion were :

1.   Verdict contrary to law;

2.   Verdict contrary to the evidence;

3.   Excessive damages; and,

4.   Errors of law occurring at the trial,—

(1.)   In refusing to require the jury to answer certain interrogatories more definitely;

(2.)   In giving and refusing instructions; and,

(3.)   In admitting and refusing to admit testimony, etc.

The verdict was not contrary to law, *Anderson* v. *Donnell, ante,* p. 150; and was sustained by the evidence.

This court can not say the damages given were excessive. The action is one of tort for an injury to the person. The "hip bone" of the injured party was broken, and she was rendered a cripple for life. There are no data for the mathematical calculation of the ·exact compensation for such an injury, except as to loss of time, expenses incurred, etc. The law leaves the amount of such compensation for the pain and suffering, etc., to the sound discretion of the jury; and the general rule governing the appellate court in this class of cases is, that it will not reverse the judgment of the court below in refusing a

new trial asked for on the ground of excessive damages, "unless they appear, at first blush, to be outrageous and excessive," or that some improper element, in determining the amount, was taken into account by the jury. *Picquet* v. *McKay*, 2 Blackf. 465; *Yater* v. *Mullen*, 23 Ind. 562; *Kepler* v. *Hyer*, 48 Ind. 499; *The City of Indianapolis* v. *Gaston*, 58 Ind. 224.

We can not say they so appear in this case.

No objections to the instructions given, and no reason why those refused should have been given, are so presented on behalf of appellant as to require notice; and the counsel for appellant decline to argue the questions as to the admissibility and non-admissibility of the items of evidence mentioned in the motion for a new trial. Counsel, in the short brief filed, promised an additional one, but have not furnished it.

We think the court did not err in failing to require more definite answers to interrogatories from the jury. See *Manning* v. *Gasharie*, 27 Ind. 399; *Chapin* v. *Clapp*, 29 Ind. 614; *McElfresh* v. *Guard*, 32 Ind. 408; *Hopkins* v. *Stanley*, 43 Ind. 553; *House* v. *McKinney*, 54 Ind. 240; *Peters* v. *Lane*, 55 Ind. 391; *Campbell* v. *Peterman*, 56 Ind. 428; *Alexander* v. *The North-Western, etc., University*, 57 Ind. 466; *Killian* v. *Eigenmann*, 57 Ind. 480; *Mason* v. *Moulden*, 58 Ind. 1; *Miller* v. *Wade*, 58 Ind. 91; *Smith* v. *Zent*, 59 Ind. 362; *Murray* v. *Phillips*, 59 Ind. 56; *Reed* v. *Garr*, 59 Ind. 299; *Bowles* v. *Stout*, 60 Ind. 267; *Ogle* v. *Dill*, 61 Ind. 438; *Kealing* v. *Voss*, 61 Ind. 466; *The Toledo, etc., R. W. Co.* v. *Craft*, 62 Ind. 395; *The Indianapolis, etc., R. R. Co.* v. *McCaffrey*, 62 Ind. 552.

The judgment below is affirmed, with costs.