No. 9945.

## CORNELIUS v. COUGHLIN.

SUPREME COURT.— *Weight of Evidence.— Verdict.*—Where the evidence in the record tends to sustain the verdict of the jury on every material point, the Supreme Court will not disturb the verdict, nor reverse the judgment, on the weight or sufficiency of the evidence.

From the Tipton Circuit Court.

*J. W. Robinson,* for appellant.

*D. Waugh,* for appellee.

HOWK, J.—This suit was commenced by the appellee against the appellant, before a justice of the peace of Tipton county. Before the justice the appellee recovered judgment for the sum of twenty-four dollars and costs; from which judgment an appeal was taken by the appellant to the circuit court of the county. There the cause was tried by a jury, and a verdict was returned for the appellee in the sum of fifty dollars; and over appellant's motion for a new trial the court rendered judgment on the verdict.

The only error assigned by appellant is the decision of the court in overruling his motion for a new trial. In this motion the causes assigned for such new trial were as follows:

"1. The verdict of the jury is contrary to law;

"2. The verdict of the jury is not sustained by the evidence;

"3. The verdict of the jury is contrary to the evidence; and,

"4. The verdict of the jury is excessive to above the sum warranted by the evidence."

From these causes for a new trial, it will be readily seen that the only question presented for our decision is this: Is there legal evidence in the record which tends to sustain the verdict of the jury on every material point? If there is such evidence in the record, and we think there is, it is very clear that, under numerous decisions of this court, the judgment below must be affirmed. This court will not weigh evidence,

nor attempt to determine its preponderance as between the parties to the suit. The rule which governs the court, in such a case as the one at bar, and the reasons for such rule, will be found in many reported decisions of the court, and need not be repeated here. *Cox* v. *The State,* 49 Ind. 568; *Rudolph* v. *Lane,* 57 Ind. 115; *The Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73; *Hayden* v. *Cretcher,* 75 Ind. 108.

Appellant's counsel claims, that "a full and final settlement was conclusively shown by the evidence, and neither fraud nor mistake is charged in relation thereto, as a reason why it should not be upheld." We think counsel mistakes the evidence on the point in question. Appellee was a widow, and appellant was the administrator of the estate of her deceased husband. She had dealings with appellant, as such administrator, on account of her claims against her deceased husband's estate; and she also had dealings with him personally. There was evidence introduced from which the jury might have fairly found that the alleged settlement was procured through appellee's mistake, or by the fraud and deceit of the appellant. It is manifest from their verdict, that the jury did not believe that the alleged settlement was full, final or fair; and we can not say from the evidence that their verdict was erroneous or excessive.

The court did not err, we think, in overruling the motion for a new trial.

The judgment is affirmed, with costs.