No. 9951.

THE UNION MUTUAL LIFE INSURANCE COMPANY v. ABBOTT ET AL.

SUPREME COURT.—*Finding.*—*Sufficiency of Evidence.*—Where the evidence tends to sustain the finding of the trial court on the only point in controversy, it will not be disturbed by the Supreme Court.

From the Superior Court of Marion County.

*S. Claypool* and *W. A. Ketcham,* for appellant.

*G. W. Spahr,* for appellees.

HOWK, C. J.—On the 12th day of December, 1873, the appellee David B. Abbott, as sole plaintiff, commenced this

suit, in the Pulaski Circuit Court, against the appellant, the Union Mutual Life Insurance Company, of Maine, and Lewis L. Kelley and Samantha Kelley, as defendants. The object of the suit was to foreclose a certain mortgage, executed by Kelley and Kelley to David B. Abbott, on certain described real estate in Pulaski county, and to have his mortgage declared, by the judgment and decree of the court, a lien upon the mortgaged premises prior in equity to the lien of another mortgage also executed by Kelley and Kelley, on the same premises, to the appellant, the Union Mutual Life Insurance Company, of Maine. The cause was put at issue and submitted to a jury for trial, but failing to agree upon a verdict, they were discharged. The venue of the cause, on the defendants' motion, was then changed to the Carroll Circuit Court. In this latter court, the appellant, the life insurance company, with leave of the court, filed a substituted answer in general denial of appellee's complaint, and also a cross complaint for the foreclosure of its own mortgage. Thereupon, by the written agreement of the parties, the court ordered the cause to be transferred and certified to the Marion Superior Court, for issue and trial, which was done accordingly. In this latter court, the cause was put at issue and tried by the court, and a finding was made for the appellee David B. Abbott. Over the appellant's motion for a new trial, the court adjudged and decreed that the lien of the mortgage to David B. Abbott, on the mortgaged real estate was "paramount, prior and senior" to the lien of the mortgage to the appellant, the life insurance company, on the same real estate; and that, in favor of David B. Abbott, the equity of redemption of the life insurance company, in and to such real estate, should be forever barred and foreclosed. On appeal to the general term, the judgment and decree of the special term were affirmed.

Error is assigned by the appellant, the life insurance company, in this court, which brings before us the error assigned by it, in general term, namely, that the court, at special

term, erred in overruling its motion for a new trial. In this motion, the only causes assigned for such new trial were that the finding of the court was contrary to law, and was not sustained by sufficient evidence.

The only controversy in the trial court, and the only controversy in this court, is in relation to the priority of the respective mortgages executed by the Kelleys to the appellee David B. Abbott, and to the appellant, the Union Mutual Life Insurance Company, of Maine. The question for decision, therefore, is one of fact and not of law. The facts, briefly stated, are as follows: In May, 1873, the defendant, Lewis L. Kelley, desired to purchase of John Purdue the real estate, in Pulaski county, described in each of the mortgages. Purdue was willing to sell for $5,000, but he required the purchase-money to be paid in cash, and Kelley had no money. Thereupon Kelley applied to the appellant's financial agent, in this State, for a loan of $6,500, to be secured by a mortgage on the real estate. In the mean time, it was necessary that Kelley should procure a deed of the real estate from Purdue, to enable him to show the appellant that he held the legal title to such real estate. But Purdue would not convey the real estate to Kelley without the payment in cash of the $5,000. To enable Kelley to close the purchase of the real estate and procure the conveyance thereof from Purdue, the appellant's financial agent, on his personal credit, borrowed the needed sum of $5,000, on short time, for Mr. Kelley, wherewith he procured from Purdue the conveyance of such real estate.

Kelley then made a formal written application to the appellant, through its financial agency at Indianapolis, for the loan of $6,500, and this application was forwarded to the appellant at its home office, in the State of Maine. This application was made to the appellant's agent at Indianapolis, on the 31st day of May, 1873, and, on the same day, Kelley also applied to the appellant's life insurance agent at Indianapolis for a policy of insurance on his life. On the same

day, Kelley signed and acknowledged the mortgage to the appellant, but the date was left blank. On the trial, Kelley testified: " The date of the mortgage was to be put in, when I received the balance ($1,500) of the money. I don't think I signed the bond until the morning of June 14th, 1873. I am not positive, but I don't think I signed the bond and coupons until that time." On June 14th, 1873, the appellant notified its financial agent at Indianapolis, that it accepted Kelley's application for a loan of $6,500; and upon his draft on the appellant, on that day, its agent procured the money and applied the same as Kelley had directed, and his mortgage, bond and coupons were dated on that day.

Upon the foregoing facts, we are of opinion that the trial court was authorized and justified in finding, as it manifestly did, that the negotiations between Kelley and the appellant for the loan of $6,500 were not fully consummated, and that Kelley's mortgage, bond and coupons, given to the appellant, were not fully executed by Kelley until the 14th day of June, 1873, the day of their respective dates.

In the mean time Kelley wanted more money than he could possibly realize from his application to the appellant. Accordingly, on the 4th or 5th day of June, 1873, Kelley made application to the appellee David B. Abbott, for a loan of $5,000, and represented that he owned the real estate, and his title to the same was clear. Finding upon examination that Kelley did own the real estate, and that his title thereto was clear, the appellee David B. Abbott, on the 7th day of June, 1873, loaned the sum of $5,000 to Lewis L. Kelley, and he and his wife, Samantha, on the same day, to secure his note for the sum so loaned, executed a mortgage on such real estate to the appellee David B. Abbott. Each of these mortgages was duly recorded in the recorder's office of Pulaski county, within the time prescribed by law.

On the 22d day of October, 1873, the appellant, having learned before that day of the existence of the mortgage to

David B. Abbott, and that it bore a date prior to the date of the appellant's mortgage, commenced a suit in the Pulaski Circuit Court against Lewis L. and Samantha Kelley, for the purpose, as alleged, of reforming its mortgage by changing the date thereof to the 31st day of May, 1873. David B. Abbott was not made a party to such suit, and, of course, was not bound by any of the proceedings therein. On the trial of the case at bar, Kelley testified that he never authorized any one to appear for him and answer in such suit. It is not very material whether Kelley did or did not authorize any one to appear and answer for him in such suit; because, as Abbott was not a party to the suit, the appellant's counsel concede that he, Abbott, is not bound or concluded by the attempted correction of the date of appellant's mortgage.

The foregoing facts are substantially those which the evidence in the record strongly tends to establish. Upon these facts, it seems to us that the equities of this case are with the appellee David B. Abbott, as against the appellant, the life insurance company. But, in any event, the evidence appearing in the transcript tends, clearly and forcibly, to sustain the finding of the trial court. In such a case, it is settled by a long line of decisions, that the finding or verdict below will not be disturbed by this court on what might seem to be the preponderance of the evidence. *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; *Hayden* v. *Cretcher*, 75 Ind. 108; *Cornelius* v. *Coughlin*, 86 Ind. 461; *McCloskey* v. *Indianapolis, etc., Union*, 87 Ind. 20.

The motion for a new trial was correctly overruled.

The judgment is affirmed with costs.

NOTE.—The death of the appellee David B. Abbott, since the submission of this cause, having been suggested, the judgment of this court is rendered herein as of the November term, 1882.

Filed Dec. 11, 1883.   Petition for a rehearing overruled May 7, 1884.