No. 9343.·

## BECK ET AL. v. BUNDY.

SUPREME COURT.—*New Trial.— Weight of Evidence.*—Where the overruling of the motion for a new trial is complained of as error, if there be evidence in the record which tends to sustain the finding or verdict on every material point, the Supreme Court will not reverse the judgment on the weight of the evidence.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellants.

*H. D. Thompson, T. B. Orr, E. A. Parker* and *R. Lake,* for appellee.

HOWK, C. J.—In this case John P. Bundy, the plaintiff below, alleged in his complaint that, on January 6th, 1871, the defendant George W. Markle executed a promissory note for the sum of $675, payable to the order of one Jasper Nelson; that such note was endorsed by said Nelson to J. A. Egline, and by him endorsed to Joseph Hamer, and by him endorsed

to Justinian H. Hall, who endorsed the same to the plaintiff; that such note was then due and unpaid; that, at the time of the execution of the note, the defendants George W. Markle and Mary M. Markle, his wife, executed a mortgage, in due form of law, upon certain described real estate in Madison county, to secure the payment of such note, which mortgage was legally recorded, on January 11th, 1871, in the mortgage record of the recorder's office of Madison county; that since the execution of such note and mortgage the defendant Elijah Beck had become possessed of some interest in the mortgaged real estate, of the amount and extent of which interest the plaintiff was not fully informed; but the plaintiff said, that such interest was junior and subsequent to that of the plaintiff. Wherefore, etc.

The cause was put at issue and tried by the court, and a finding was made for the appellee; and over the joint motion of the appellants Elijah and Celia A. Beck for a new trial, the court rendered judgment on its finding.

Error is assigned by the appellants Elijah Beck and Celia A. Beck, in this court, only upon the decision of the circuit court in overruling their joint motion for a new trial. In this motion the only causes assigned for such new trial were that the finding of the court was contrary to law, and was not sustained by sufficient evidence. We take from the brief of the appellants' counsel the following statement of the facts, established by the evidence, which statement of facts we have found, by our examination of the record, to be substantially correct.

On the 12th day of November, 1856, one Spicer Jones was the owner in fee simple of the real estate described in the mortgage in suit, and, on that day, he and his wife sold and conveyed such real estate to Martha V. Johnson and William A. Johnson, both of whom were then minors. On the 5th day of September, 1868, William A. Johnson and one Garrett W. Brown, who claimed to be the guardian of Martha

V. Johnson, signed and delivered a quitclaim deed of the real estate to one James G. McAllister. On the 15th day of July, 1870, James G. McAllister conveyed the real estate to William M. McAllister, who, on the same day, executed a deed thereof to James G. Bridges. On the 25th day of July, 1870, James G. Bridges and his wife conveyed the real estate to Mary M. Markle. It was not shown by any evidence appearing in the record that Mary M. Markle had or held any other title to the real estate at the time she and her husband, George W. Markle, executed the mortgage in suit thereon, or afterwards, than that derived by her through the foregoing chain of conveyances.

After the execution and record of the mortgage in suit, to wit, on the 31st day of October, 1871, Mary M. Markle and George W. Markle, her husband, executed a deed of the real estate to the appellant Elijah Beck. William A. Johnson was born December 12th, 1847, and arrived at lawful age on December 11th, 1868. When he signed and delivered the deed of the real estate to James G. McAllister, under which the mortgagor Mary M. Markle derived her title, to wit, on September 5th, 1868, he was a minor under the age of twenty-one years, lacking a little more than three months of having arrived at his majority. Martha V. Johnson did not sign the deed to McAllister, and Garrett W. Brown, who signed the deed as her guardian, was not in fact her guardian, and had no authority to bind her by such deed.

On the 5th day of May, 1874, Martha V., having previously intermarried with one John F. Harrison, commenced an action in the court below for the partition of the real estate described in the mortgage now in suit, and other lands, making defendants to such suit the appellant Elijah Beck, William A. Johnson, Laban Dobson and George Cunningham, and alleging in her complaint that she was the owner in fee simple of the undivided one-half of such real estate. William A. Johnson appeared and filed a cross complaint, ad-

mitting that Martha V. Harrison was the owner of the undivided one-half, and alleging that he was the owner in fee simple of the other undivided one-half, of the real estate described in the mortgage now in suit, that at the time he executed the deed to James G. McAllister, he was a minor, and that he afterwards gave notice in writing to the parties claiming an interest in such real estate, under his deed to McAllister, disaffirming such deed on the ground of his infancy, and that he did in fact disaffirm such deed. The partition suit was put at issue by an answer in general denial of the complaint and cross complaint, and tried by the court, and a finding was made for Martha V. Harrison on her complaint, and for the appellant Elijah Beck, on the cross complaint of William A. Johnson, that Beck was the owner in fee simple of the undivided one-half of such real estate claimed by Johnson; and the court made an interlocutory order appointing commissioners to make partition of the real estate in accordance with its finding, between Martha V. Harrison and Elijah Beck, and to make report of their proceedings at the next term. No report was made by such commissioners, and the only order afterwards made in the partition suit, appearing in the record, was an order dismissing the suit for the want of prosecution, at the plaintiff's costs. This dismissal of the partition suit is probably accounted for by the fact, shown by the evidence, that in June, 1875, the appellant Beck obtained from Martha V. Harrison and her husband, and from William A. Johnson and his wife, quitclaim deeds of the real estate described in the mortgage in suit.

Upon the foregoing facts the court foreclosed the mortgage only as to the undivided one-half of the real estate described therein, holding, as is apparent, that Martha V. Johnson's title to an undivided one-half of the real estate did not pass by the deed, purporting to have been executed by her pretended guardian to James G. McAllister.

The appellants' counsel have discussed with much force and ability the question of the disaffirmance of the contracts of

Beck *et al. v.* Bundy.

infants on their arrival at lawful age, and they earnestly insist that, upon the evidence, the motion for a new trial ought to have been sustained. In the view we take of this cause, however, we do not find it necessary to consider the question of the disaffirmance of the contracts of infants, after their arrival at majority; for, conceding the law on this subject to be, as appellants' counsel claim it is, that an infant may disaffirm his deed within a reasonable time after he arrives at lawful age, we are of opinion that we can not, under the decisions of this court, disturb the finding and decree of the court below in this case, upon the weight or sufficiency of the evidence. The court may well have found from the evidence in the record that William A. Johnson, after his arrival at majority, had ratified his deed to James G. McAllister by his acts and conduct during the years that intervened between that time and the time of the filing of his cross complaint in the partition suit. That deed having once been ratified by him could not afterwards be disaffirmed, either by him or by his subsequent grantee, Beck, who had knowledge of all the facts, and who had defeated his cross complaint in the partition suit, by showing his ratification of his deed to McAllister.

The case at bar, therefore, is one where there is evidence in the record which tends to sustain the finding of the trial court on every material point. In such cases it has been uniformly held that this court will not disturb the finding, nor reverse the judgment, upon what might seem to be the weight of the evidence. *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73; *Hayden* v. *Cretcher,* 75 Ind. 108; *Cornelius* v. *Coughlin,* 86 Ind. 461.

We find no error in the record.

The judgment is affirmed, with costs.

Filed Dec. 13, 1883.