No. 10,353.

## McCormick Harvesting Machine Company *v.* Embree.

Sale.—*Contract.—Breach of Warranty.—Notice.*—In an action to recover the agreed price of a self-binding reaper, the defence was a breach of a written warranty wherein it was stipulated that "if, upon one day's trial, the machine should not work well," the purchaser should give immediate notice to the seller, or its agent, and allow time to put it in order, and, if it could not thus be made to work well, the purchaser should return it at once to the agent. It was alleged, in the answer, that, upon the first day's trial, the machine broke and became useless, in the presence of the seller's agent, who then promised and agreed to return on a certain day, and repair the machine and put it in good condition, which he did not do, and that the purchaser then offered to return the machine, but the agent refused to receive it.

*Held*, that the answer stated a good defence to the action, and that the seller could not recover the price of the machine.

From the Grant Circuit Court.

*G. W. Harvey*, for appellant.

*A. Steele, R. T. St. John, R. G. Steele,* — *Compton* and *E. S. Lenfesty*, for appellee.

Howk, C. J.—In this case the appellant, a corporation under the laws of the State of Illinois, sued the appellee in a complaint of two paragraphs. In the first paragraph the appellant alleged that on June 15th, 1881, it sold and delivered to the appellee a self-binding reaping machine, at his instance and request, for the sum of $300, which sum was due and unpaid. Wherefore, etc. The second paragraph of the complaint counted upon a written contract between the parties, whereby the appellant agreed to sell and deliver, and the appellee agreed to buy and pay for, a self-binding reaping machine, at a certain price and upon certain terms and conditions expressed in such contract. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, the defendant below; and, over appellant's motion for a new trial, judgment was rendered against it for appellee's costs.

In this court the appellant has assigned as errors the following decisions of the circuit court:

1. In overruling its demurrer to the second paragraph of appellee's answer;

2. In overruling its demurrer to the third paragraph of appellee's answer; and,

3. In overruling its motion for a new trial.

The first paragraph of appellee's answer was a general denial of each and every allegation of appellant's complaint.

In the second paragraph of his answer the appellee alleged that he agreed to purchase of the appellant a self-binding reaper, which the appellant warranted to be well made, of good material and durable with proper care; that he, with appellant's agent, took the machine or reaper to appellee's farm on Saturday, when the appellant's agent set the reaper up, and he and appellee, with necessary assistance, started the same in the harvest, and that in less than one hour, and while the appellant's agent was present, the reaper broke and became and was useless; that the appellant, by its agent, then and there promised and agreed to return on the following Tuesday and repair the reaper and put the same in good condition, which he did not do; that the appellee then notified appellant's agent to do so, and informed him that unless he repaired the reaper at once appellee would be compelled to purchase another; that his harvest was then suffering for want of cutting, and that he had entered into contracts with others to reap for them; that unless appellee could have the reaper in good condition, he could not perform his said contracts; that the appellant wholly failed and neglected to repair the reaper or give it any attention, or to give appellee any satisfaction therein, and that by reason of the then suffering condition of his harvest, and of his said contracts, he was compelled to and did purchase another reaper; that the appellant had ample and reasonable time to have repaired said reaper; that appellee notified the appellant that he could not take the reaper, and he did not; that he then offered to re-

turn the reaper to appellant's agent at Marion, who informed him that he need not do so, as he would not receive it; that appellant's warranty of the reaper was, in substance, as follows:

"The McCormick H. & Wire Binder ordered this 17th day of May, 1881, by Silas Embree of Marion, is warranted to be well made, of good material and durable with proper care. If, upon one day's trial, the machine should not work well, the purchaser shall give immediate notice to said Mc-Cormick Harvesting Machine Co., or their agent, and allow time to send a person to put it in order. If it can not thus be made to work well, the purchaser shall return it at once to the agent of whom he received it, and all cash and notes received in settlement will be refunded.

" (Signed)   McCORMICK HARVESTING MACHINE CO."

Countersigned by "A. Fisherbuck, Ag't."

And the appellee prayed judgment for costs and other relief.

In the third paragraph of answer, substantially the same facts are stated as in the second paragraph, but more fully and in different order and phraseology.

In discussing the sufficiency of the second and third paragraphs of answer to constitute defences to the action, the appellant's counsel claims that each of the paragraphs was bad on the demurrer thereto, for the following reasons: 1. Because it is not averred therein that appellee gave immediate notice of the failure of the machine to work well, to the appellant or its agent; and, 2. Because it is not shown in either paragraph that appellee allowed the appellant " time to send a person to put the machine in order."   These objections do not seem to us to be well taken, as to either paragraphs of answer.   As to the first objection, it is shown by the averments of the paragraphs of answer, that appellant's agent was there present, when the machine broke and became useless, and thus had actual and ocular notice of the failure of the machine to work well; and as to the second objection, it is also shown that the appellee allowed the agent the time

fixed by himself to put the machine in order. Again, appellant's counsel claims that the paragraphs of answer were bad, for the want of averments therein that appellee had returned the machine to the agent of whom he received it. The averments on this point were that appellee offered to return the reaper to appellant's agent, who informed him that he need not do so, as he would not receive it. These averments show a sufficient excuse for the failure to return the machine to the agent. We are of opinion that the second and third paragraphs of answer each state sufficient facts to show the appellant's breach of its warranty of the machine, sold and delivered to the appellee, and that the demurrers thereto were correctly overruled. *McCormick, etc., Co.* v. *Hays,* 89 Ind. 582.

There is legal evidence in the record tending to sustain the verdict of the jury on every material point. In such a case, as we have often decided, we will not disturb the verdict of a jury, nor reverse the judgment of the trial court, upon what might seem to us to be the weight of the evidence. *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73; *Hayden* v. *Cretcher,* 75 Ind. 108; *Cornelius* v. *Coughlin,* 86 Ind. 461.

Other causes for a new trial were assigned by appellant, but as these are not discussed in the brief of its counsel, we regard them as waived. ·

We find no error in the record.

The judgment is affirmed, with costs.

Filed March 8, 1884.