Filed Sept. 27, 1884.

———————

No. 11,562.

CITY OF EVANSVILLE v. WORTHINGTON.

NEGLIGENCE.—*Complaint.*—*Demurrer.*—*Motion.*—Where the complaint, in an action for the recovery of damages resulting, as alleged, from the negligence of the defendant, charges such negligence and consequent damages in general terms, and the defendant desires to object thereto for the want of certainty, such objection can not be made available by a demurrer for the want of facts, but only by a motion to make the charge more specific.

PRACTICE.—*Evidence.*—*Excessive Damages.*—*Supreme Court.*—Where the evidence is conflicting, the verdict will not be disturbed by the Supreme Court on what might seem to be the weight of the evidence; nor will the judgment be reversed by the Supreme Court, on the ground of excessive damages, unless they appear at first blush to be grossly excessive.

From the Vanderburgh Circuit Court.

*J. B. Rucker,* for appellant.

*C. L. Wedding,* for appellee.

HOWK, J.—The first error complained of by the appellant, the defendant below, is the overruling of its demurrer to appellee's complaint.

In his complaint, the appellee alleged that there was a public street or highway in the city of Evansville, known as First street, leading from the upper to the lower part of such city, which street the appellant was bound to keep in repair; that the appellant negligently suffered and permitted such street and the sidewalk, on the eastern side thereof, between Pine and Ingle streets, to be and remain out of repair, and suffered and permitted "deep holes, high points and corners to be and remain in, along and upon such sidewalk and street," on and for a long time prior to May 15th, 1883, with notice thereof, and especially near the crossing of Pine street; that the appellee, on the 13th day of May, 1883, while lawfully travelling along and upon such street and sidewalk, between Pine and Ingle streets and near the crossing of Pine street, "was hurt, his leg injured and crippled, and he made sore, lame, sick and disabled from carrying on his work as a carpenter, and rendered unable permanently to do any manual labor, lost five months' time, suffered great pain of body and mind, incurred doctors' and medical bills, and was otherwise injured and damaged, all without any fault or negligence on his part, but by reason of said defendant's negligence as aforesaid." Wherefore, etc.

In discussing the question of the alleged insufficiency of the appellee's complaint, the appellant's counsel says: "Admitting the allegations of the amended complaint as true, which we do by demurrer, it does not state such facts as would justify a recovery thereon, for the reason that it does not state how the injury occurred,—whether the deep holes, high points and corners caused said injury or not. Indeed, for aught that appears in the complaint, he may have been injured by an obstruction upon the sidewalk, and not from any defect therein. He does not charge, that he was injured by stepping into said holes, or striking against said points or corners, or by falling upon said sidewalk, and the failure to do so, we insist, makes the complaint bad, and the demurrer should have been sustained."

This is the entire argument of the appellant's counsel, in regard to the alleged insufficiency of appellee's complaint. It seems to us, that the complaint can hardly be regarded as a model of good pleading, and that it is open to some of the objections pointed out, in argument, by the appellant's counsel. It is well settled, however, by the decisions of this court, that such objections to a complaint, or other pleading, can not be reached or made available by a demurrer thereto, for the want of sufficient facts. Where, in an action for the recovery of damages resulting from the alleged negligence of the defendant, the complaint contains a general averment of such negligence, objections that such averment is defective or uncertain can not be made or presented by a demurrer for the want of sufficient facts, but only by a motion to make more specific. *Pennsylvania Co.* v. *Sedwick*, 59 Ind. 336 ; *Jameson* v. *Board, etc.*, 64 Ind. 524 ; *Ohio, etc., R. W. Co.* v. *Collarn*, 73. Ind. 261 (38 Am. R. 134) ; *Nowlin* v. *Whipple*, 79 Ind. 481.

In the case in hand, the appellee alleged with sufficient certainty that the injuries, of which he complained, were received by him without his fault or negligence, by and through the appellant's negligence in permitting one of its public streets to be and remain out of repair ; but he failed to aver in what particular manner he received his injuries. If it was important to the appellant that the complaint should have shown the manner in which appellee received his injuries, it should have moved the court for an order requiring him to make his complaint more specific in that particular. But it can not be held that the complaint was bad on demurrer, for the want. of sufficient facts, merely because it failed to show the particular manner in which appellee was injured. The court did not err, we think, in overruling the demurrer to the complaint..

The only other error, assigned by the appellant, is the overruling of its motion for a new trial. The causes assigned for such new trial were, that the verdict of the jury was not sustained by the evidence and was contrary to law, and that the damages assessed were excessive. Appellant's counsel has.

elaborately discussed the question of the sufficiency of the evidence to sustain the verdict. It is not necessary, nor would it be profitable, for us to follow the learned counsel in his discussion of this question and attempt to refute his argument. It will suffice for us to say that there is evidence in the record which tends to sustain the verdict of the jury on every material point in issue. The questions for trial in the cause were questions of fact, and, while the evidence was conflicting, it is manifest from their verdict that the jury believed, as they had the right to do, the appellee's evidence in preference to that of the appellant. In such a case, it is settled by a long line of decisions in our reports, that this court will not disturb the verdict, nor reverse the judgment, upon what might seem to be the weight of the evidence. *Cornelius* v. *Coughlin*, 86 Ind. 461 ; *Beck* v. *Bundy*, 92 Ind. 145 ; *Deputy* v. *Page*, 92 Ind. 291 ; *Town of Princeton* v. *Gieske*, 93 Ind. 102.

So, also, the amount of the plaintiff's damages, in such a case as this, is a question for the jury, and where their verdict has met the approval of the trial court, the judgment could not be reversed on the ground of excessive damages, unless they appeared at first blush to be grossly excessive. From the evidence in the record, we can not say that the appellee's damages in this case were excessive. *Town of Westerville* v. *Freeman*, 66 Ind. 255 ; *Farman* v. *Lauman*, 73 Ind. 568.

We find no error in the record of which the appellant can complain. The judgment is affirmed with costs.

Filed Sept. 18, 1884.